UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George Martinez,<br><br>                                Plaintiff,<br>     -v-<br><br>Triumph Construction Corp., and<br>Top Set Trucking, LLC,<br><br>                                Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff George Martinez ("Plaintiff" or "Martinez"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants Triumph Construction Corp., and Top Set Trucking, LLC (collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week (ii) entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not

1

receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff George Martinez ("Plaintiff" or "Martinez") is an adult, over eighteen years old, who currently resides in Bronx County, New York.

8. Upon information and belief and all times relevant herein, Triumph Construction Corp. ("TCC") was a New York for-profit corporation.

9. Upon information and belief and all times relevant herein, Top Set Trucking, LLC ("TST") was a limited liability company.

10. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. Upon information and belief, Defendants shared a place of business in Bronx County,

New York, at 1354 Seneca Ave, The Bronx, NY 10474 where Plaintiff was employed by Defendants.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

**STATEMENT OF FACTS**

13. Upon information and belief, and at all relevant times herein, Defendants were involved in the business of providing construction and related services to their clients, including ConEdison. See http://triumphconstructionny.com/

14. Upon information and belief and at all times relevant herein, Defendants employed approximately over 100 employees.

15. At all times relevant herein, Plaintiff was employed by Defendants from in or around 2016 to on or about March 4, 2020 with the exception of an approximate 9-month period in 2016-2017.

16. Upon information and belief, and at all times relevant herein, Plaintiff was individually and/or jointly employed by Defendants as a driver/operator in New York City – transporting debris from Defendants' construction sites in New York City to Defendants' location in the Bronx.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants and his last regular hourly rate of pay was about $45.00 an hour.

18. At all times relevant herein, Plaintiff worked 60-84 or more hours each week for Defendants; 5-7 days a week with the exception of 2-3 weeks each year during his employment with Defendants.

19. A more precise statement of the hours and wages may be made when Plaintiff Martinez

obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

20. At all times relevant herein, Defendants failed to pay Plaintiff required overtime wages in several ways. First, Defendants paid Plaintiff for some overtime wages at his straight regular hourly rate instead of at a rate of at least 1.5 times his regular hourly rate. Second, Defendants failed to pay Plaintiff any wages for about three (3) overtime hours each day or 15-21 overtime hours each week – this consisted of overtime that Plaintiff worked each day driving Defendants' vehicle from Defendants' vehicle pickup/drop off location to another of Defendants' location/worksite and reversing this trip at the end of his shift, plus overtime for errands Plaintiff was required to perform by Defendants at the end of his shift without pay. Third, during a period prior to his termination of about one year, Defendants and one of their managers improperly deducted about $100-$150 from Plaintiff's overtime wages each week.

21. At all times relevant herein, Defendants, individually and/or jointly, violated the terms and conditions of Plaintiff's employment and underpaid Plaintiff by about $40.00 an hour – including through contracts with the ConEdison and requirements for paying wages on union related work. Plaintiff is entitled to recover in this action all additional overtime and non-overtime wages he is entitled to as a result of this underpayment because of the lower rate – in addition to the other wages Plaintiff seeks to recover in this action.

22. At all relevant times herein and for the time Plaintiff was employed by Defendants, Plaintiff worked more than forty (40) hours in a week for each week, during his employment with Defendants.

23. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week.

24. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all rates of pay, among other deficiencies.

26. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

27. Upon information and belief and at all times relevant herein, Defendants used and purchased materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

28. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants conducted business outside the State of New York involving construction equipment, materials and services.

30. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state overtime wage posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform plaintiffs that they could seek enforcement of such rights through the government enforcement agencies.

36. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

37. "Plaintiff" as used in this complaint refers to the named Plaintiff.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

41. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the

production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

42. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

43. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants individually and/or jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq.  and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

46. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

47. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

48. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

49. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his unpaid non-overtime wages, overtime wages, agreed upon/contractual wages, and unlawful wage deductions described above, as required by NYLL §§ 191, 193 and 198.

52. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

54. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime and overtime wages, agreed upon/contractual wages, unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

57. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including his unpaid non-overtime wages, overtime wages, agreed upon/contractual wages, unlawful wage deductions, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

59. Award Plaintiff prejudgement interest on all monies due;

60. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

61. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
          **May 10, 2021**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF