## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

GEORGE MARTINEZ,

                Plaintiff,

    -against-

TRIUMPH CONSTRUCTION CORP. and TOP SET
TRUCKING, LLC,

                Defendants.

------------------------------------------------------------------------

Civil Action No. 1:21-cv-04137-JPO-SDA

<u>Civil Action</u>

**ORAL ARGUMENT REQUESTED**

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

---

**COLE SCHOTZ P.C.**

1325 Avenue of the Americas
19th Floor
New York, NY  10019
(212) 752-8000
*Counsel for Defendants, Triumph
Construction Corp. and Top Set
Trucking, LLC*

Of Counsel and on the Brief:

Brian L. Gardner
Jed M. Weiss
Elizabeth A. Carbone (*pro hac vice* application forthcoming)

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 3

LEGAL ARGUMENT ...................................................................................................... 3

I.     STANDARD OF REVIEW ................................................................................... 3

II.    THE FLSA CLAIM MUST BE DISMISSED AS AGAINST BOTH
       DEFENDANTS BECAUSE PLAINTIFF HAS NOT PLED AN
       OVERTIME CLAIM. ........................................................................................... 4

       A.     Plaintiff Fails To Adequately Allege That He Falls Within The Ambit Of The
              FLSA. ........................................................................................................ 5

       B.     Alternatively, Plaintiff Has Pled His Status As An
              Overtime Exempt Employee. ..................................................................... 7

       C.     Plaintiff Fails To Adequately Allege He Was Not
              Compensated For Any Worked Overtime. ................................................ 8

III.   THE NYLL CLAIMS SHOULD BE DISMISSED AGAINST BOTH DEFENDANTS
       BECAUSE THEY TOO ARE INSUFFICIENTLY PLED. ................................ 11

IV.    PLAINTIFF'S CLAIMS AGAINST TRIUMPH MUST BE DISMISSED BECAUSE
       PLAINTIFF HAS NOT ADEQUATELY ALLEGED TRIUMPH WAS HIS
       EMPLOYER. ...................................................................................................... 12

       A.     Triumph Is Not A "Joint Employer." ...................................................... 15

       B.     The NYLL Claims Should Be Dismissed Against Triumph For The Same
              Reasons As The FLSA Claim. ................................................................. 16

V.     THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
       JURISDICTION OVER ANY REMAINING NYLL CLAIMS. ..................... 17

CONCLUSION ............................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                  **Page(s)**

*Aponte v. Clinton St. Pizza Inc.*,
   No. 20-cv-2037, 2021 WL 1961646 (S.D.N.Y. May 17, 2021) .................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................1, 2, 3, 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................1, 2, 3, 11

*Bilyou v. Dutchess Beer Dist., Inc.*,
   300 F.3d 217 (2d Cir. 2002)............................................................................................7

*Boekemeier v. Fourth Universalist Soc'y in City of N.Y.*,
   86 F. Supp. 2d 280 (S.D.N.Y. 2000)...............................................................................5

*Camara v. Kenner*,
   No. 16-cv-7078, 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018)..................................12, 13, 16

*Casci v. Natl. Fin. Network, LLC*,
   No. 13-cv-1669, 2015 WL 94229 (E.D.N.Y. Jan. 7, 2015)......................................................11

*Cenage Learning, Inc. v. Buckeye Books*,
   531 F. Supp. 2d 596 (S.D.N.Y. 2008).............................................................................6

*Chang Yan Chen v. Lilis 200 W. 57th Corp.*,
   No. 19-cv-7654, 2020 WL 7774345 (S.D.N.Y. Dec. 30, 2020) .............................................13

*Chen v. Major League Baseball*,
   6 F. Supp. 3d 449 (S.D.N.Y. 2014), *aff'd sub nom.*, 798 F.3d 72 (2d Cir. 2015) ...................17

*Dejesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85 (2d Cir. 2013)............................................................................................9, 10

*Fox v. Commonwealth Worldwide Chauffeured Transp. of N.Y., LLC*,
   865 F. Supp. 2d 257 (E.D.N.Y. 2012) ............................................................................7

*Hanming Feng v. Soy Sauce LLC*,
   No. 15-cv-3058, 2017 WL 6561160 (E.D.N.Y. Dec. 22, 2017)............................................4

*Hsieh Liang Yeh v. Han Dynasty, Inc.*,
   No. 18-cv-6018, 2019 WL 633355 (S.D.N.Y. Feb. 14, 2019) .............................................16

*Hugee v. SJC Grp., Inc.*,
   No. 13-cv-0423, 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013)...........................................16

ii

*Jones v. SCO Family of Servs.*,
   202 F. Supp. 3d 345 (S.D.N.Y. 2016)....................................................................5

*Lawrence v. Adderley Indus., Inc.*,
   No. 09-cv-2309, 2011 WL 666304 (E.D.N.Y. Feb. 11, 2011) ...............................13

*Lundy v. Cath. Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013)..........................................................................8, 11

*Mao v. Sands Bethworks Gaming LLC*,
   No. 15-cv-6252, 2016 WL 1717220 (S.D.N.Y. Apr. 28, 2016) .............................14

*Martin v. Sprint United Mgmt. Co.*,
   No. 15-cv-5237, 2017 WL 5028621 (S.D.N.Y. Oct. 31, 2017)...............................17

*Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*,
   709 F.3d 129 (2d Cir. 2013).............................................................................3

*New York v. Scalia*,
   490 F. Supp. 3d 748 (S.D.N.Y. 2020), *appeal filed*, No. 20-3806 (2d Cir. Nov.
   6, 2020) ..................................................................................................12, 15

*Nieto v. Vill. Red Rest. Corp.*,
   No. 17-cv-2037, 2017 WL 4539327 (S.D.N.Y. Oct. 10, 2017)...............................14

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   No. 12-cv-2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ................................6

*Olvera v. Bareburger Grp. LLC*,
   73 F. Supp. 3d 201 (S.D.N.Y. 2014)..................................................................16

*Payamps v. M & M Convenience Deli & Grocery Corp.*,
   No. 16-cv-4895, 2018 WL 3742696 (E.D.N.Y. May 18, 2018) ...............................4

*Perkins v. 199 SEIU United Healthcare Workers E.*,
   73 F. Supp. 3d 278 (S.D.N.Y. 2014)..............................................................9, 10

*Solis v. ZEP LLC*,
   No. 19-cv-4230, 2020 WL 1439744 (S.D.N.Y. Mar. 24, 2020)...............................3

*Thompson v. Eldorado Coffee Roasters Ltd.*,
   246 F. Supp. 3d 697 (E.D.N.Y. 2017) ................................................................7

*Waxman v. Cliffs Nat. Res. Inc.*,
   222 F. Supp. 3d 281 (S.D.N.Y. 2016)..................................................................5

*Zheng v. Liberty Apparel Co. Inc.*,
   355 F.3d 61 (2d Cir. 2003)..............................................................................12

iii

*Zhong v. Aug. Aug. Corp.*,
    498 F. Supp. 2d 625 (S.D.N.Y. 2007)...............................................................................4, 12

**Statutes**

29 U.S.C.A. § 213(b) ...........................................................................................................7

28 U.S.C. § 1367(c) ...........................................................................................................17

29 U.S.C. § 203(d) .......................................................................................................12, 16

29 U.S.C. § 206 ...................................................................................................................4

29 U.S.C. § 207 ...................................................................................................................4

29 U.S.C. § 255(a) ...............................................................................................................9

53428/0001-41127725v3

Defendants, Triumph Construction Corp. ("_Triumph_") and Top Set Trucking, LLC ("_Top Set_," and, together with Triumph, "_Defendants_"), respectfully submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint ("_Complaint_") [Dkt. No. 1] filed by plaintiff, George Martinez ("_Plaintiff_"), in its entirety.

## PRELIMINARY STATEMENT

Through this action, Plaintiff seeks monetary damages from both Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "_FLSA_") and New York Labor Law § 190 *et seq.* ("_NYLL_") primarily for unpaid overtime.  As is highlighted in this motion, however, this case presents a quintessential example of a conclusory legal pleading that runs afoul of the well-settled pleading standards espoused in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

First, Plaintiff fails to adequately allege that he is subject to the overtime requirements of the FLSA and, for the same reasons, the NYLL (the First and Second Causes of Action).  Indeed, Plaintiff's alleged entitlement to relief is entirely predicated on conclusory statements and rote recitations of the law.  Plaintiff neither sufficiently alleges that the FLSA applies to him nor that he worked overtime and was not compensated for same.  By way of example, Plaintiff's Complaint is devoid of any meaningful factual allegations concerning the amount of uncompensated overtime he is entitled to.  Instead, as appears to be Plaintiff's modus operandi, he relies of generic estimates, statements of law, and promises a "more precise statement" of **_his_** hours and wages will be provided in discovery.  Despite the fact this promise is an implicit admission as to the insufficiency of his allegations, it is entirely unclear how Plaintiff cannot plead specific factual information relating to **_his own hours and wages_**.  If, however, Plaintiff's allegations are to be believed, Plaintiff has pled himself into an exemption to the FLSA (*i.e.*, the

Motor Carrier Act Exemption), which exemption renders him unentitled to any overtime compensation.  As Plaintiff pleads, he is a truck driver who acts as a bailee of construction materials that he (allegedly) transports for Defendants, which entities are engaged in the flow of interstate commerce.

Second, Plaintiff's remaining NYLL claims unrelated to his overtime (The Third Cause of Action) are nothing more than rote recitations of the purportedly relevant portions of the NYLL and the obligations owed thereunder.  Such statements clearly run afoul of even the lenient pleading standard permitted by *Twombly* and *Iqbal* and require no further comment.  At bottom, Plaintiff has simply pled, ***at best***, the remote possibility of a wage and hour violation but not the plausibility of the claims asserted against Defendants.

Finally, Plaintiff certainly fails to state any claims against Triumph because Plaintiff has not adequately alleged that Triumph was his employer either individually or jointly with Top Set. The assertion of this relationship is essential - if Triumph was not Plaintiff's employer, which it was not, Triumph is not liable to Plaintiff for any wage and hour claim asserted in this action. Yet, despite the critical nature of such allegations to Plaintiff's claims, the Complaint is devoid of any specific, non-conclusory, factual allegations relating to what control or role, if any, Triumph played in Plaintiff's employment.  Instead, Plaintiff merely restates common law elements used to determine whether an employment relationship exists in this Judicial District, the impropriety of which cannot be legitimately disputed.  Moreover, Plaintiff improperly lumps Triumph and Top Set together in allegations throughout the Complaint.  By way of example, out of the ***61 paragraphs*** of the Complaint, ***only two paragraphs*** separately address Triumph and Top Set, and those allegations serve only to identify the parties.

2

Consequently, for all of these reasons, described in detail herein, Defendants respectfully submit that the Complaint should be dismissed.

## STATEMENT OF FACTS

For the sake of brevity, the factual allegations set forth in the Complaint, unless otherwise contradicted, are accepted as true and incorporated by reference herein for the purposes of this motion only.

## LEGAL ARGUMENT

### I.    STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must present "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations omitted).  Stated another way, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[]" to state a claim.  *Iqbal*, 556 U.S. at 678; *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (courts "give no effect at all to 'legal conclusions couched as factual allegations[]'") (citation omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Solis v. ZEP LLC*, No. 19-cv-4230, 2020 WL 1439744, at *7 (S.D.N.Y. Mar. 24, 2020) (citation and quotations omitted).

Applying the above standard to the matter at hand, it is clear that a dismissal of the Complaint in its entirety is both warranted and appropriate.  Plaintiff asserts three claims against Defendants in this action: (1) a claim for unpaid overtime pursuant to the FLSA (First Cause of

Action); (2) a claim for unpaid overtime pursuant to the NYLL (and related codes) (Second Cause of Action); and (3) a claim for additional purported violations of the NYLL (Third Cause of Action).  As set forth below, there are several critical deficiencies in Plaintiff's claims that render them insufficient on their face and do not give rise to any reasonable inference that the asserted claim plausibly exists.  Each of these deficiencies is described in detail below.

## II.     THE FLSA CLAIM MUST BE DISMISSED AS AGAINST BOTH DEFENDANTS BECAUSE PLAINTIFF HAS NOT PLED AN OVERTIME CLAIM.

At the outset, the FLSA claim asserted against both Defendants should be dismissed because Plaintiff fails to adequately allege that the FLSA applies here—to wit, that he was a non-exempt covered employee entitled to unpaid overtime.

It is well settled that the "FLSA provides federal minimum wage and overtime protections for employees that fall within its scope."  *Hanming Feng v. Soy Sauce LLC*, No. 15-cv-3058, 2017 WL 6561160, at *4 (E.D.N.Y. Dec. 22, 2017) (citations omitted); 29 U.S.C. §§ 206-207.  In order to state a claim under FLSA the "plaintiff must prove the following: (1) the defendant is an employer subject to ... FLSA; (2) the plaintiff is an 'employee' within the meaning of ... FLSA; and (3) the employment relationship is not exempted from ... FLSA.'"  *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-cv-4895, 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018) (citation and quotations omitted).  In addition to these threshold showings, to state an overtime claim a plaintiff must also sufficiently allege the existence of unpaid overtime he was entitled to receive.  *See, e.g.*, *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).  Here, Plaintiff does not adequately plead his involvement in interstate activity or overtime violations.

4

A.   **Plaintiff Fails To Adequately Allege That He Falls
Within The Ambit of the FLSA.**

In order for an employee to be protected by the requirements of the FLSA, "an employee must be either (1) employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce, which is referred to as 'enterprise coverage,' or (2) personally engaged in interstate commerce or in the production of goods for interstate commerce, which is referred to as 'individual coverage.'" *Aponte v. Clinton St. Pizza Inc.*, No. 20-cv-2037, 2021 WL 1961646, at *3 (S.D.N.Y. May 17, 2021) (citations omitted).  In order to properly allege the existence of "enterprise coverage," a plaintiff must allege that the employee is "employed by an enterprise 'engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and ... [the employer's] annual gross volume of sales made or business done is not less than $500,000.'" *Boekemeier v. Fourth Universalist Soc'y in City of N.Y.*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000) (citing 29 U.S.C. § 203(s)(1)(A)(i, ii)); *Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 349 (S.D.N.Y. 2016) (describing same).

Plaintiff's attempt to plead that the FLSA applies through the existence of "enterprise coverage" in this case is not sufficient to survive a motion to dismiss.  In support of this element, Plaintiff first restates the statutory language by baldly claiming that "[u]pon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually."  Compl. at ¶ 26 [Dkt. No. 1]; *see also id.* at ¶ 42.  Such a threadbare legal conclusion is not entitled to any deference and, as such, is insufficient to state a claim that is plausible on its face.  *See* Section I, *supra*. This is not cured by the litany of additional legal conclusions Plaintiff pleads about Defendants'

5

purported engagement in interstate commerce, all of which are likewise not entitled to deference. *See id.* at ¶¶ 27-33. Furthermore, Plaintiff cannot use "upon information and belief" as a shield to avoid pleading factual allegations. *See, e.g.*, *Waxman v. Cliffs Nat. Res. Inc.*, 222 F. Supp. 3d 281, 287 (S.D.N.Y. 2016) ("[W]hile a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded.") (citations and quotations omitted).

Plaintiff is likewise not entitled to lump together both Defendants to avoid pleading sufficient facts relating to the conduct of, and his alleged entitlement to relief against, each specific defendant. *See, e.g.*, *Cenage Learning, Inc. v. Buckeye Books*, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) (discussing personal jurisdiction and noting when defendants are "separate entities and are presumptively entitled to have independent existence," plaintiff must establish a basis for subjecting each of them, individually, to the jurisdiction of the court). The same is true when addressing the applicability of the FLSA. As previously stated, out of the 61 paragraphs of the Complaint, only two paragraphs separately address Triumph and Top Set. Compl. at ¶¶ 8-9 [Dkt. No. 1]. Those two paragraphs merely serve to identify the parties. *Id.* Such a "lumping" is entirely improper and is another pleading deficiency. *See Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-cv-2837, 2012 WL 6082387, *6 (S.D.N.Y. Dec. 3, 2012) (granting defendant's motion to dismiss and holding: "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants[]") (citation omitted).

6

### B.       Alternatively, Plaintiff Has Pled His Status As An Overtime Exempt Employee.

On the other hand, if Plaintiff has adequately pled that he is subject to the FLSA's overtime requirements, then in light of the standard applicable to this motion Plaintiff cannot state an FLSA overtime claim because he has pled himself to be exempt from same.  Indeed, truck drivers are generally exempt from the FLSA overtime requirements.  *See, e.g., Bilyou v. Dutchess Beer Dist., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (finding drivers subject to the Motor Carrier Act, 49 U.S.C. § 31502, and thus further finding the drivers exempt from the overtime requirements of the FLSA); *see also* Department of Labor Fact Sheet #19.[1]  Indeed, the FLSA's overtime provisions do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49[.]"  29 U.S.C.A. § 213(b)(1).  This is known as the "*Motor Carrier Act Exemption*."  *Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F. Supp. 3d 697, 700-01 (E.D.N.Y. 2017).

"An employee falls within the MCA exemption if his 'activities ... directly affect[ ] the safety of operation of motor vehicles ... in interstate or foreign commerce within the meaning of the Motor Carrier Act.'"  *Id.* (citation omitted); *see also* Department of Labor Fact Sheet #19. The interstate or foreign commerce aspect of the exemption is satisfied even if "a carrier's transportation does not cross state lines," because "the interstate commerce requirement is satisfied if the goods being transported within the borders of one State are involved in a 'practical continuity of movement' in the flow of interstate commerce.  *Bilyou*, 300 F.3d at 223 (citation omitted).

---

[1] A copy of Fact Sheet # 19 is appended to the Declaration of Brian L. Gardner executed on July 16, 2021 as **Exhibit "A."**

In the matter at hand, Plaintiff's own allegations indisputably evidence that his FLSA claims against Defendants are, if accorded every reasonable inference, barred by the Motor Carrier Act Exemption. As previously stated, the Motor Carrier Act Exemption applies to truck drivers. *Fox v. Commonwealth Worldwide Chauffeured Transp. of N.Y., LLC*, 865 F. Supp. 2d 257, 266 (E.D.N.Y. 2012) ("There are four broad categories of workers whose duties are said to directly affect the safety of vehicle operation: drivers, mechanics, loaders, and helpers of the first three."). As Plaintiff alleges in his pleading, he was employed as a "driver/operator in New York City – transporting debris from Defendants' construction sites in New York City to Defendants' location in the Bronx." Compl. at ¶ 16 [Dkt. No. 1]. As Plaintiff further alleges (and can be reasonably inferred from his pleading), his activities are part of Defendants' overall engagement in interstate commerce. *See, e.g*., *id.* at ¶ 29 ("At all times applicable herein and upon information and belief, Defendants conducted business outside the State of New York involving construction equipment, materials, and services."); *id.* at ¶ 41. Thus, there can be no meaningful dispute based on the face of the Complaint that Plaintiff, a bailee of construction debris, is involved in the safety of operation of a large motor vehicle that he operates in connection with the flow of interstate commerce. In short, pursuant to Plaintiff's pleading, Plaintiff is not covered by the FLSA and the FLSA claims must be dismissed.

### C.   Plaintiff Fails To Adequately Allege He Was Not Compensated For Any Worked Overtime.

In addition, Plaintiff's allegations relating to his allegedly unpaid overtime are deficiently pled. As previously noted, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013) (citation omitted). As stated by the Second Circuit, "[d]etermining whether a

plausible [overtime] claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* (citation omitted).  However, the failure to plead facts in support of the existence of uncompensated overtime is a fatal pleading deficiency.  *See, e.g.*, *id.* at 115 (describing the allegations that invite speculation as not amounting to plausible FLSA claims); *see also Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289 (S.D.N.Y. 2014) ("To state a claim under the FLSA for failure to pay overtime compensation, a complaint must include more than vague legal conclusions.").

Here, Plaintiff's claim of uncompensated overtime is exceedingly generic.  Plaintiff alleges in support of his overtime claim the wholly general assertion that over an unspecific time between 2016 and 2020,[2] he "worked 60-84 or more hours each week for Defendants; 5-7 days a week with the exception of 2-3 weeks a year during his [four year] employment with Defendants."  Compl. at ¶ 18 [Dkt. No. 1].  Allegedly this breaks down to the speculative estimate of "(3) overtime hours each day or 15-21 overtime hours each week[]" resulting from unspecified errands and drive time as well as an improper "deduction" of about $100-$150 of his overtime each week for a year.  *Id.* at ¶ 20.  The remainder of Plaintiff's allegations are generic statements as to what the applicable statutes allegedly entitle him to receive.  *Id.* at ¶¶ 22-23 & 39-44.

Such grossly deficient, conclusory, and contradictory allegations do not "raise a plausible inference of an FLSA [and NYLL] overtime violation."  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013) ("Dejesus's complaint tracked the statutory language of the FLSA,

---

[2] The statute of limitations for an FLSA claim is 2 years (particularly because Plaintiff has pled willfulness in the most conclusory fashion) and, as such, any claim for allegedly unpaid overtime more than 2 years from when it accrued are time-barred and must be dismissed.  29 U.S.C. § 255(a).

9

lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation. Her FLSA and NYLL claims were therefore inadequate and properly dismissed."); *Perkins*, 73 F. Supp. 3d at 90 ("Without more detailed factual content—including identifying any specific week or time period in which [the employee] worked overtime but was not lawfully paid for it—the Amended Complaint cannot [ ]cross the line from conceivable to plausible.") (citation omitted).  Such allegations certainly do not put Defendants on notice of the nature and contours of Plaintiff's claim.

Plaintiff's promise to provide "[a] more precise statement of hours and wages" when he obtains discovery, Compl. at ¶ 19 [Dkt. No. 1], neither cures this pleading deficiency nor provides and adequate justification for same.  As the Second Circuit has admonished,

> While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place.  Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.

> [*Dejesus*, 726 F.3d at 90.]

Indeed, such an assertion is belied by common sense: Plaintiff has always been in possession of information relating to his wages.  For this reason, a similar argument was unpersuasive in *Perkins*.  *See, e.g., Perkins*, 73 F. Supp. 3d at 290 (An employee "is reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours.").

Accordingly, for all of the foregoing reasons, Plaintiff's FLSA unpaid overtime claim should be, and must be, dismissed in its entirety against both Defendants.

### III.     THE NYLL CLAIMS SHOULD BE DISMISSED AGAINST BOTH DEFENDANTS BECAUSE THEY TOO ARE INSUFFICIENTLY PLED.

Like the foregoing, the NYLL claims that Plaintiff asserts against Defendants – claims for unpaid overtime, improper deductions, failure to provide notices, etc. – must also be dismissed as they consist entirely of legal conclusions.  Compl. at ¶¶ 34-35 & 45-54 [Dkt. No. 1].

Turning first to the NYLL unpaid overtime claim, unpaid overtime claims under the NYLL are viewed under the same standard as FLSA claims.  *See, e.g., Lundy*, 711 F.3d at 110 ("We also affirm the dismissal of Plaintiffs' NYLL overtime claims, which have the same deficiencies as the FLSA overtime claims."); *see also Casci v. Natl. Fin. Network, LLC*, No. 13-cv-1669, 2015 WL 94229, at *3 (E.D.N.Y. Jan. 7, 2015) (dismissing both FLSA and NYLL overtime claims).  Consequently, Plaintiff's NYLL unpaid overtime claim should be dismissed for the same reasons his FLSA claim must be dismissed.  *See* Section II, *supra*.

Turning to Plaintiff's remaining NYLL claims – claims arising under Sections 190, 191, 193, 195, and 198 – those claims should also be dismissed as wholly conclusory.  The allegations supporting these claims are reiterations of the requirements of the applicable portions of the statute.  *See, e.g.*, Compl. at ¶¶ 34-35 & 49-54 [Dkt. No. 1].  For this reason alone—that Plaintiff has ignored the *Iqbal* and *Twombly* pleadings standards—the claims should be immediately dismissed and no further comment is necessary.  *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (citation omitted).  The rote recitals of statutory requirements are indisputably insufficient to state claims and, as such, those claims must be dismissed.

11

**IV.    PLAINTIFF'S CLAIMS AGAINST TRIUMPH MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ADEQUATELY ALLEGED TRIUMPH WAS HIS EMPLOYER.**

The foregoing notwithstanding, the FLSA and NYLL claims asserted against Triumph suffer from additional deficiencies that warrant the dismissal of those claims.  Specifically, Plaintiff has not alleged sufficient factual allegations from which it can be reasonably inferred that Triumph was his employer.  Indeed, Plaintiff falls fatally short on pleading a threshold element of his FLSA claim—the existence of an employer-employee relationship.

It is beyond cavil that "[t]he FLSA's minimum and overtime wage provisions apply only to 'employees' who are 'employed' by 'employers.'"  *Zhong*, 498 F. Supp. 2d at 628; *Camara v. Kenner*, No. 16-cv-7078, 2018 WL 1596195, at *6 (S.D.N.Y. Mar. 29, 2018) ("Liability under the FLSA extends only to "employer[s].") (citing 29 U.S.C. § 216(b)).  The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).  To "employ" is defined as one who "suffer[s] or permit[s]" an employee to work. 29 U.S.C. § 203(g).  "An entity [thus] 'employs' an individual under the FLSA if it 'suffer[s] or permit[s]' that individual to work."  *Camara*, 2018 WL 1596195 at *6 (citations omitted).

When evaluating the potential existence of an employee-employer relationship, the courts look to the economic reality of the relationship rather than any technical concept.  *Id*.  To do so, the courts of this Judicial District have used two tests, a "*Formal Test*" and the "*Functional Control Test*.[3]"  *Id*. at *7; *Zheng v. Liberty Apparel Co. Inc*., 355 F.3d 61, 72 (2d Cir. 2003).

---

[3] Recently, the Southern District rejected, in part, a Department of Labor Final Rule that purported to revise the definition of "joint employer."  *See generally New York v. Scalia*, 490 F. Supp. 3d 748 (S.D.N.Y. 2020), *appeal filed*, No. 20-3806 (2d Cir. Nov. 6, 2020).  Defendants will thus refer to the common law tests herein.  Even if that Final Rule does apply, however, Plaintiff has likewise not plead the elements necessary to demonstrate Triumph is a "joint employer" under same.

Under the Formal Test, courts consider the following factors in determining the existence of an

employee-employer relationship:

> [W]hether the alleged employer (1) had the power to hire and fire the
> employees, (2) supervised and controlled employee work schedules or
> conditions of employment, (3) determined the rate and method of
> payment, and (4) maintained employment records.
>
> [*See Camara*, 2018 WL 1596195 at * 7.]

While none of the aforementioned factors are dispositive, they are certainly guides in evaluating

the relationship.  *Id.*

Pursuant to the Functional Control Test, even when formal control is lacking, a court may

find that an employer exercised "functional control" over an employee sufficient to infer an

employer-employee relationship.  *See Lawrence v. Adderley Indus., Inc.*, No. 09-cv-2309, 2011

WL 666304, at *7 (E.D.N.Y. Feb. 11, 2011).  In connection with this test, several factors are

routinely considered, including, without limitation:

> (1) [W]hether [the putative employer]'s premises and equipment
> were used for the plaintiffs' work; (2) whether the [entity at issue]
> had a business that could or did shift as a unit from one putative joint
> employer to another; (3) the extent to which plaintiffs performed a
> discrete line-job that was integral to [the putative employer]'s
> process of production; (4) whether responsibility under the contracts
> could pass from one subcontractor to another without material
> changes; (5) the degree to which the [putative employer] or (its)
> agents supervised plaintiffs' work; and (6) whether plaintiffs
> worked exclusively or predominantly for [the putative employer].
>
> [*Id.* (citations omitted).]

In the matter at hand, Plaintiff's attempt to plead a direct employment relationship

between Triumph and himself consists of two hollow and unsupported allegations.  First,

Plaintiff alleges that "[a]t all relevant times herein, Plaintiff was employed individually and/or

jointly by Defendants."  Compl. at ¶ 12 [Dkt. No. 12].  Second, Plaintiff alleges that "[u]pon

information and belief, and at all times relevant herein, Defendants individually and/or jointly

controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff." *Id.* at ¶ 10.  Such vague, generic, "upon information and belief," and formulaic allegations are devoid of specific facts and thus do nothing to establish a facially plausible claim.  *See, e.g.*, *Chang Yan Chen v. Lilis 200 W. 57th Corp.*, No. 19-cv-7654, 2020 WL 7774345, at *3 (S.D.N.Y. Dec. 30, 2020) (finding a plaintiff failed to state a joint employer relationship where no facts were alleged supporting same).  Indeed, Plaintiff has mainly restated the factors considered in connection with assessing whether an employment relationship exists.  Risking redundancy, Plaintiff was required to allege sufficient facts in his Complaint that rise above the "formulaic recitation of the elements of the cause of action."  *See* Section I, *supra*.  He did not.

Moreover, these allegations are contradicted by others in the Complaint.  Plaintiff alleges to have been a truck driver and "Top Set" is, in fact, the trucking company (*e.g.*, its full name, as alleged in the Complaint, is Top Set *Trucking*, LLC).  *See generally* Compl. [Dkt. No. 1]. Moreover, it is highly informative that Plaintiff, who allegedly was employed by "Defendants" for four years, *id.* at ¶ 15, cannot more definitively allege Triumph's roles and responsibilities. In any event, these allegations, on their face, do not adequately allege the existence of a direct employer-employee relationship between Triumph and Plaintiff.  *See, e.g.*, *Mao v. Sands Bethworks Gaming LLC*, No. 15-cv-6252, 2016 WL 1717220, at *3 (S.D.N.Y. Apr. 28, 2016) (no employer relationship was stated where there were no factual allegations relating to the subject entity's power to fire employees, set rate and method of payment, or regulate conditions of employment).  At bottom, Plaintiff has not plead any factual allegations relating to Triumph's individual involvement in his employment.  *See, e.g.*, *Nieto v. Vill. Red Rest. Corp.*, No. 17-cv-

14

2037, 2017 WL 4539327, at *3 (S.D.N.Y. Oct. 10, 2017) ("While a putative employer need not directly control employees to be liable under the FLSA, some 'individual involvement' in a company is generally required[.]").

## A.    Triumph Is Not A "Joint Employer."

Nor has Plaintiff adequately alleged that Triumph and Top Set are "joint employers."[4] "Joint employment arises because multiple entities may simultaneously satisfy the FLSA's definition of 'employer.'  In other words, an employee has joint employers when she has multiple employers for the same set of hours worked."  *Scalia*, 490 F. Supp. 3d at 776.  Asserting "joint employer" status does not avoid Plaintiff's responsibility to plead factual non-conclusory allegations demonstrating circumstances that evidence an employer-employee relationship between Triumph and Plaintiff.  *See, e.g., id.* ("There is thus no independent test for joint employment under the FLSA. An entity is an employer if it meets the FLSA's definition.") (citation omitted).  Nonetheless, the sole additional "factual" allegation Plaintiff presumably proffers in support of this theory beyond the allegations noted above, *see* Section IV, *supra*, is that Defendants allegedly share a place of business "where Plaintiff was employed by Defendants."  Compl. at ¶ 11 [Dkt. No. 1].  For the same reasons noted above, Plaintiff's conclusory allegations fail to state a joint employer relationship exists; there is simply no factual non-conclusory allegation in the Complaint relating to Triumph's involvement in Plaintiff's employment.

---

[4] Throughout the Complaint Plaintiff claims to have been "individually or jointly" employed by Defendants.  *See, e.g*., Compl. at ¶ 12 [Dkt. No. 1].

In light of the foregoing, any FLSA claim asserted against Triumph must be, and should be, dismissed on the grounds that Plaintiff has not adequately alleged that Triumph was his employer.

### B.   The NYLL Claims Should Be Dismissed Against Triumph For The Same Reasons.

Similar to the FLSA, establishing that Triumph is an employer pursuant to the NYLL is a prerequisite to surviving a motion to dismiss. *Camara,* 2018 WL 1596195 at *7 ("Liability under the NYLL similarly extends only to "employer[s]" and their "agent[s].") (citing N.Y. Lab. Law § 662(1)). The standard for employer status under the NYLL is indistinguishable from that of the FLSA. Specifically, the language of 29 U.S.C. § 203(d) with respect to the definition of an employer under the FLSA is nearly identical to that of NYLL § 190(3), which defines an employer as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." *See* NYLL § 190(3). As such, the courts have consistently applied the same tests to determine whether an employee-employer relationship exists under the FLSA and NYLL. *See Hugee v. SJC Grp., Inc.*, No. 13-cv-0423, 2013 WL 4399226, at *11 (S.D.N.Y. Aug. 14, 2013) ("There is general support for giving [the] FLSA and the New York Labor Law consistent interpretations.") (citation omitted); *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-cv-6018, 2019 WL 633355, at *5 n.5 (S.D.N.Y. Feb. 14, 2019) ("Courts in this District 'regularly apply the same tests to determine whether entities are joint employers for purposes of the FLSA and NYLL.'") (citations omitted); *Olvera v. Bareburger Grp LLC,* 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014) ("The statutory standard for employer status under NYLL is nearly identical to that of the FLSA."). Accordingly, for all of the reasons Plaintiff fails to state viable claims against Triumph under the FLSA, he fails to state any viable NYLL claims.

**V.    THIS COURT SHOULD DECLINE TO EXERCISE
       SUPPLEMENTAL JURISDICTION OVER ANY
       REMAINING NYLL CLAIMS.**

Even if the Court disagrees that the NYLL claims should be dismissed due to a pleading

deficiency, those claims should still be dismissed following the inevitable dismissal of Plaintiff's

FLSA claim because the Court should decline to exercise supplemental jurisdiction over same.

Under 28 U.S.C. § 1367(c), the federal courts may decline to exercise supplemental jurisdiction

over state law claims where "the district court has dismissed all claims over which it has original

jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  In such an instance, the "courts [should] consider 'the

values of judicial economy, convenience, fairness, and comity.'" *Martin v. Sprint United Mgmt.

Co.*, No. 15-cv-5237, 2017 WL 5028621, at *4 (S.D.N.Y. Oct. 31, 2017) (citation omitted).

Here, those considerations weigh in favor of declining to exercise supplemental jurisdiction.

Respectfully, if following this motion to dismiss the only claims remaining will be

Plaintiff's NYLL claims, such claims are state law claims that the state courts are well-suited to

address.  In addition, as this case is in its infancy, a dismissal and declination to exercise

supplemental jurisdiction will not prejudice Plaintiff, who can assert all his claims in the state

forum.  *See, e.g.*, *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 461 (S.D.N.Y. 2014), *aff'd

sub nom.*, 798 F.3d 72 (2d Cir. 2015) ("Having dismissed all of the claims over which this Court

has original jurisdiction, declining to exercise supplemental jurisdiction over the state-law claims

is appropriate at this early stage in the litigation.") (citation omitted).  In fact, "[w]hen all federal

claims are eliminated before trial, the balance of factors to be considered—including judicial

economy, convenience, fairness, and comity—typically points towards declining to exercise

supplemental jurisdiction over any remaining state-law claims." *Id.* (citation omitted).

Defendants respectfully suggest that should be the outcome here.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully submit that their motion should be granted in its entirety.  At bottom, Plaintiff's attempt to commence a lawsuit based on legal conclusions, "upon information and belief," and threadbare recitals of the elements of claims should be rejected.  Plaintiff has simply not put forth any factual allegations sufficient for the Court to draw a reasonable inference that his claims are plausible.  Pleading the mere possibility that a claim exists is not sufficient.  Accordingly, this Court should enter an Order dismissing the Complaint with prejudice.

**DATED:**  New York, New York
  July 16, 2021

**COLE SCHOTZ P.C.**
*Attorneys for Defendants, Triumph Construction Corp. and Top Set Trucking LLC*

By: */s/ Brian L. Gardner*
  Brian L. Gardner
  Jed M. Weiss
  Elizabeth Carbone (*pro hac vice* application forthcoming)
  1325 Avenue of the Americas
  19th Floor
  New York, NY 10022-4728
  (212) 752-8000