**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| George Martinez,<br><br>                        Plaintiff,<br><br>   -v-<br><br>Triumph Construction Corp., and<br>Top Set Trucking, LLC,<br><br>                    Defendants. | **Civ. Action #: 21-CV-04137**<br>**(JPO)(SDA)**<br><br>**OPPOSING MEMORANDUM**<br>**OF LAW** |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS, ETC.**

ABDUL HASSAN LAW GROUP, PLLC
By: Abdul K. Hassan, Esq.
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000

SERVED ON AUGUST 30, 2021

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ............................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................................... 2

III. STANDARD FOR DISMISSAL ......................................................................................... 3

IV.  ARGUMENT ....................................................................................................................... 3

   1.   PLAINTIFF HAS PLAUSIBLY, ADEQUATELY AND COMPELLINGLY STATED HIS CLAIMS FOR OVERTIME PAY UNDER THE FLSA AND NYLL ............................. 3

     A.   PLAINTIFF HAS SUFFICIENTLY AND PLAUSIBLY ALLEGED OVERTIME HOURS AND UNPAID OVERTIME WAGES .................................................................. 6

     B.   PLAINTIFF HAS SUFFICIENTLY PLEADED THAT HE WAS EMPLOYED BY BOTH DEFENDANTS WITHIN THE MEANING OF THE FLSA AND NYLL ............. 10

     C.   PLAINTIFF HAS SUFFICIENTLY PLEADED FLSA COVERAGE ......................... 14

     D.   DEFENDANTS' MCE EXEMPTION DEFENSE ARGUMENTS ARE WITHOUT MERIT .................................................................................................................................. 17

V.   CONCLUSION .................................................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184, 189 (S.D.N.Y. 2003). ............... 5

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960) ..................................................... 4

*Ashcroft v. Iqbal,*
    *556 U.S. 662 (2009)* ..................................................................................... 3

*Bell Atl. Corp. v. Twombly,*
    *550 U.S. 544 (2007)* ..................................................................................... 3

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) ............................................. 6

*Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 944, 946 (2d Cir.1959). ............... 6

*Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015);...................... 6

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)............................................... 4

*Dauphin v. Chestnut Ridge Transp., Inc.,* 544 F. Supp. 2d 266, 274-75 (S.D.N.Y. 2008)  ......... 19

*Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L.Ed.2d 433 (2018) ................. 5

*Liu v. New York Neuromodulation Medical, P.L.L.C. et al,*
    Case No. 20-CV-05000 (Judge Oetken – August 4, 2021) ....................................... 5

*Lopez v. Silverman*, 14 F.Supp.2d 405, 411 n. 4 (S.D.N.Y.1998)................................. 5

*Lundy v. Catholic Health System of Long Island, Inc*., 711 F.3d 106, 114 (2d Cir, 2013)............. 3

*Martin v. Malcolm Pirnie, Inc.* 949 F.2d 611 (2d Cir. 1991) .......................................... 4

*Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 198-199 (2d Cir.
    2013).................................................................................................................. 4

*Phelps v. Kapnolas*, 308 F.3d 180, 183-84 (2d Cir. 2002) ............................................ 3

*Reich v. State of N.Y.* 3 F.3d 581 (2d Cir. 1993)........................................................... 5

*Reich v. State of New York*, 3 F .3d 581, 587 (2d Cir.1993) ............................................ 4

*Scott Wetzel Services Inc. v. New York State Bd. of Indus. Appeals,* 252 A.D.2d 212, 682
    N.Y.S.2d 304 (3d Dep't 1998) ...................................................................................... 5

*Settlement Home Care, Inc. v. Industrial Board of Appeals of NYS Department of Labor*, 151
    A.D.2d 580, 81 (2d Dep't 1989) ................................................................................... 5

**Statutes/Rules/Regualtions**

29 U.S.C. § 207(a)(1) ..................................................................................................... 4

29 USC § 216(b) ............................................................................................................. 4

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 3

12 NYCRR § 142-2 ........................................................................................................ 5

12 NYCRR § 142-2.2 ..................................................................................................... 5

29 C.F.R. § 790.21(b) .................................................................................................... 4

## I.    PRELIMINARY STATEMENT

Plaintiff George Martinez ("Plaintiff" or "Martinez"), submits the instant memorandum of law in opposition to the motion to dismiss of Defendants Triumph Construction Corp. ("Triumph"), and Top Set Trucking, LLC ("Top Set"), (collectively "Defendants"). (ECF No. 9-10).

In this action, Plaintiff seeks to recover in relevant part, unpaid overtime wages under the FLSA and NYLL. (ECF No. 1). Defendants seek to dismiss the overtime claims on the grounds that Plaintiff has not sufficiently/plausibly pleaded: 1) that he worked overtime and is owed overtime wages; 2) FLSA coverage – interstate commerce and annual revenues/business volume; and 3) that he was employed by Defendants. It appears that Defendants also move to dismiss on the basis of the Motor Carrier Exemption ("MCE") affirmative defense which Defendants and not Plaintiff must plead and prove. Defendants are very wrong for several compelling reasons.

First, Plaintiff has exceeded the pleading requirements by providing reasonable and plausible estimates of his overtime hours for not just one week, but for each week with certain noted exceptions. Significantly, we have more than plausibility because Defendants have admitted to the overtime claims in relevant part in text messages to Plaintiff.

Second, in terms of FLSA coverage, the allegations in the complaint, easily and plausibly satisfy the broad definition of interstate commerce, and the $500,000 business volume/revenue requirement. In this regard, and in addition to the subject factual allegations in the complaint, Defendants have admitted that they were involved in interstate commerce. In terms of the monetary requirement, in addition to the subject factual allegations in the complaint, public records show that Defendants' payroll alone was millions of dollars for

hundreds of employees.

Third, in terms of pleading employment, the complaint here contains almost the same allegations the Second Circuit found sufficient in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013), where it noted the striking breadth of the definition of employment under the FLSA and NYLL. Here, the complaint went even further and contains factual allegations concerning supervision, record-keeping, scheduling, payment, hiring, firing etc. Significantly, as well, it is very plausible to conclude that Defendants, including Defendant Triumph, would not send text messages admitting error in not paying Plaintiff overtime wages, unless they were the employers of Plaintiff.

Fourth, Defendants appear to also argue for dismissal based on the Motor Carrier Exemption ("MCE") affirmative defense. However, it is well settled that Plaintiff does not have to plead or prove this defense and unless the defense appears on the face of the complaint, a motion to dismiss on the basis of this defense must be denied. Here, to the extent the allegations in the complaint even relate to the MCE, they state that Plaintiff worked within New York City – and not interstate, and thus require a rejection of the defense, especially at this stage. The MCE defense is also fact-intensive and would not apply even at summary judgement or trial.

It is therefore respectfully requested that this Honorable Court deny Defendants' motion to dismiss in its entirety and with prejudice as further explained below and grant Plaintiff such further, other and different relief in his favor as the Court deems just and proper.

## II.    STATEMENT OF FACTS

The relevant facts underlying the instant motion are fully set forth in the Complaint. (ECF No. 1). The claims are also summarized in the preliminary statement above. The relevant facts will be referenced and incorporated in the arguments below when necessary.

### III.   STANDARD FOR DISMISSAL

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Pursuant to FRCP 12(b)(6), a complaint may be dismissed upon motion if, after "accept[ing] the material facts alleged in the Complaint as true and construe all reasonable inferences in the plaintiff's favor," the complaint has failed "to state a claim upon which relief can be granted." *See* FRCP 12(b)(6); *Phelps v. Kapnolas*, 308 F.3d 180, 183-84 (2d Cir. 2002). "[A] [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[D]etermining whether a plausible claim has been pled [under the FLSA] is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy*, 711 F.3d at 114 (quoting *Iqbal*, 556 U.S. at 679).

### IV.   ARGUMENT

#### 1.   PLAINTIFF HAS PLAUSIBLY, ADEQUATELY AND COMPELLINGLY STATED HIS CLAIMS FOR OVERTIME PAY UNDER THE FLSA AND NYLL

In this action, Plaintiff seeks to recover unpaid overtime wages under the FLSA and NYLL. (ECF No. 1). Defendants seek to dismiss the overtime claims on the grounds that Plaintiff has not sufficiently/plausibly pleaded: 1) that he worked overtime hours and is owed overtime wages; 2) FLSA coverage – interstate commerce and annual revenues/business volume; and 3) that he was employed by Defendants. It appears that Defendants also move to dismiss on the basis of the MCE affirmative defense which Defendants and not Plaintiff must

plead and prove. Defendants are wrong on all grounds as Plaintiff has plausibly pleaded his overtime claims and has actually exceeded the pleading requirements – Defendants have even admitted to the overtime claims, etc.

Under the Fair Labor Standards Act ("FLSA")[1], there is a presumption that all employees of a covered employer are entitled to overtime pay and that an employee is entitled to 1.5 times his regular rate for all hours worked in excess of forty in a week. See 29 U.S.C. § 207(a)(1); *Reich v. State of New York*, 3 F .3d 581, 587 (2d Cir.1993). An employee must therefore prove two elements in order to prevail on an FLSA overtime cause of action against a covered employer. First, he must allege and prove that he worked more than 40 hours in a week. Second, he must show that he was not paid at a rate of at least 1.5 times his regular rate for all hours over forty in the week. An employee can bring an FLSA overtime claim even for a single week. See 29 C.F.R. § 790.21(b). *Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 198-199 (2d Cir. 2013). The Court has jurisdiction over Plaintiff's overtime claims pursuant to 29 USC § 216(b) and Defendants here are a covered employer under the FLSA.

Whether an exemption applies to the FLSA **is an affirmative defense** on which the employer has the burden of proof. *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974). Exemptions to the Fair Labor Standards Act ("FLSA") as incorporated into NYLL are to be narrowly construed, with the employer bearing the burden of proving that employees fall within exemption. *Martin v. Malcolm Pirnie, Inc.* 949 F.2d 611 (2d Cir. 1991). The employer must show that the employee fits "plainly and unmistakenly within [the exception's] terms." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960). As the Second Circuit stated, "consistent with the

---

[1] The FLSA can be found at 29 USC § 201 et Seq. 29 USC § 207 requires overtime pay and 29 USC 216 is the enforcement provision.

remedial purposes of the FLSA, we do not give FLSA exemptions generous application." *Reich v. State of N.Y.* 3 F.3d 581 (2d Cir. 1993).  See also *Settlement Home Care, Inc. v. Industrial Board of Appeals of NYS Department of Labor*, 151 A.D.2d 580, 81 (2d Dep't 1989) (reaffirming that exemptions under NYLL are affirmative defense which the employer must plead and prove).

Currently, under *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L.Ed.2d 433 (2018), exemptions are to be given a fair reading and the burden of proving exemptions continues to be on the employer. Defendants' exemption defenses fail under either standard – strict construction or fair reading, especially in the context of the remedial purpose of the FLSA, and the higher burden that applies on a pre-answer motion to dismiss where we are limited to the four corners of the complaint in this case.

New York does not have an overtime statute per se. However, the New York Minimum Wage Act ("NYMWA") authorizes the New York State Department of Labor ("NYSDOL") to enact regulations under the NYMWA and pursuant to this authority, the NYSDOL enacted a regulation at 12 NYCRR § 142-2.2 which governs the payment of overtime wages in New York State. The regulation at 12 NYCRR § 142-2.2 states in relevant part that overtime shall be paid "in the manner and methods" of the Fair Labor Standards Act ("FLSA") at 29 U.S.C 201 et Seq. As such, the caselaw, regulations and jurisprudence developed under the FLSA are used to analyze overtime cases under 12 NYCRR § 142-2. See *Scott Wetzel Services Inc. v. New York State Bd. of Indus. Appeals,* 252 A.D.2d 212, 682 N.Y.S.2d 304 (3d Dep't 1998). *Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184, 189 (S.D.N.Y. 2003). *Lopez v. Silverman*, 14 F.Supp.2d 405, 411 n. 4 (S.D.N.Y.1998).

Unlike discrimination and other employment cases, an FLSA overtime Plaintiff need not

show intent or willfulness. Likewise, an FLSA overtime Plaintiff need not show any policy by the employer to violate the FLSA even though such a policy and practice exists in this case – once worked, overtime must be paid for. Also, neither the employer nor employee can agree to waive the overtime requirements of the statute. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 944, 946 (2d Cir.1959). Finally, a mistaken belief or misunderstanding of the FLSA is not a valid defense in an FLSA overtime case. *Greenberg v. Arsenal Bldg. Corporation*, 144 F.2d 292 (2d Cir. 1944).

### A.  PLAINTIFF HAS SUFFICIENTLY AND PLAUSIBLY ALLEGED OVERTIME HOURS AND UNPAID OVERTIME WAGES

Defendants first move to dismiss Plaintiff's FLSA and NYLL overtime claims on the grounds that "Plaintiff's allegations relating to his allegedly unpaid overtime are deficiently pled." (Def. Memo, ECF No. 10, pg. 8-10). However, Defendants are grossly incorrect.

It is well settled that on a pre-answer motion to dismiss for failure to state a claim, the factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the Plaintiff. In *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013), which was the last and therefore most controlling in a trilogy of Second Circuit opinions on FLSA pleading standards, the plaintiff prevailed on two of the three issues but lost a close call on the third issue - as to which the Second Circuit noted that some courts would uphold the allegation in *Dejesus* that plaintiff worked more than 40 hours weekly, while others required an estimate/approximation of the weekly hours. *Dejesus*, 726 F.3d at 88. The *Dejesus* decision only requires an estimate of overtime hours or where no estimate is provided, sufficient context to allow the court to make an estimate/approximation. *Dejesus*, 726 F.3d at 89.

We know that the Second Circuit in *Dejesus* did not and could not require anything more than **estimates** because the U.S. Supreme Court in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-512 (2002), unanimously held that the pleading standard cannot be higher than the lowest proof standard at trial – courts including the Second Circuit continue to apply *Swierkiewicz* after *Iqbal* and *Twombly* which are not inconsistent with *Swierkiewicz*. In this regard, under the FLSA, a Plaintiff can meet his burden of proof "through estimates based on his own recollection." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 362 (2d Cir. 2011). *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). This is especially true at the pre-answer stage of the proceedings where wage and time records have not been produced and no discovery has been done.

Here, Plaintiff easily meets and exceeds the plausibility standard by providing an estimate of his weekly hours and overtime hours based on his personal knowledge. (ECF No 1, ¶ 18, 20). For example, the complaint states in relevant part as follows:

> (Paragraph 18) At all times relevant herein, Plaintiff worked 60-84 or more hours each week for Defendants; 5-7 days a week with the exception of 2-3 weeks each year during his employment with Defendants.

> (Paragraph 20) At all times relevant herein, Defendants failed to pay Plaintiff required overtime wages in several ways. First, Defendants paid Plaintiff for some overtime wages at his straight regular hourly rate instead of at a rate of at least 1.5 times his regular hourly rate. Second, Defendants failed to pay Plaintiff any wages for about three (3) overtime hours each day or 15-21 overtime hours each week – this consisted of overtime that Plaintiff worked each day driving Defendants' vehicle from Defendants' vehicle pickup/drop off location to another of Defendants' location/worksite and reversing this trip at the end of his shift, plus overtime for errands Plaintiff was required to perform by Defendants at the end of his shift without pay. Third, during a period prior to his termination of about one year, Defendants and one of their managers improperly deducted about $100-$150 from Plaintiff's overtime wages each week.

Furthermore, although Plaintiff can establish an overtime claim for just a single week, the overtime violations here were for *each* week of his employment, with some noted exceptions.

(See i.e., ECF No. 1 ¶ 15, 18, 20). By way of reinforcement, the complaint as excerpted above went further than necessary and even described the type and nature of the work performed and the number of days worked per week in addition to estimates of the weekly hours.

In *Liu v. New York Neuromodulation Medical, P.L.L.C. et al*, Case No. 20-CV-05000 (Judge Oetken – August 4, 2021), ECF No. 34, pg. 4-5, the Honorable Judge Oetken found that the overtime claims were sufficiently stated and stated in relevant part as follows:

> Defendants next argue that Liu's claims should be dismissed for failure to state a claim because her allegations are only conclusory. But Liu's allegations are distinguishable from the authorities cited by Defendants. In Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., the Second Circuit noted that plaintiffs had not alleged that they were scheduled to work forty hours in a given week, foreclosing a FLSA overtime claim. 723 F.3d 192, 201 (2d Cir. 2013). ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). The plaintiff in Dejesus v. HF Mgmt. Servs., LLC failed to "estimate her hours in any or all weeks" with a complaint "devoid of any numbers to consider beyond those plucked from the statute," requiring dismissal of her FLSA overtime claims. 726 F.3d 85, 89–90 (2d Cir. 2013). And the Lundy v. Catholic Health Sys. of Long Island Inc. plaintiff failed to "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013).
>
> Liu here specifies the hours she worked per week and the amount she was paid per week. (FAC ¶¶ 19–25.) While pleaded somewhat generally, there is "sufficient detail" for this Court to make a "reasonable inference that [Liu] worked more than forty hours" in certain weeks. Nakahata, 723 F.3d at 201. Unlike the Dejesus plaintiff, Liu has provided certain numbers allowing this Court to make such an inference; moreover, she sufficiently pleads failure to pay minimum wage in the weeks in which Liu alleges she was not paid at all. (FAC ¶¶ 19, 22.) This is sufficient to survive a motion to dismiss.

The overtime allegations in *Liu* were similar to the overtime allegations in this case, although there is more details and information here. As such, this Court's conclusion in *Liu* that 'there is "sufficient detail" for this Court to make a "reasonable inference that [Liu] worked more than forty hours" in certain weeks' applies with even greater force in this

case.

Very compellingly in this case, we have an admission by Defendants that Plaintiff worked overtime and was not paid the required overtime wages. In this regard, soon after the complaint in this action was filed, one of the owners and managers of Triumph (Mr. Dominick Cuzzi), sent the following unsolicited text to Plaintiff on May 18, 2021 (Pl. Decl. ¶ 4-5, Ex. 1):

> Good morning George, We have gone through you 2019 documents and the bosses recognize they have made a mistake on your OT payments. The total is believed to be just under $400. We'd like to understand where you're going with your suit. You can drop your suit before it hits Top Set and it can be settled by paying your wages owed. Both Top Set and yourself will be paying lawyers for no apparent reason. You'll probably pay more then you'll receive. Let us know your decision so this can be settled. I appreciate your time and cooperation. Apologize for the errors made.

Although, settlement is mentioned in some parts of the text message, it is not clear that even those parts qualify as an offer of compromise for purposes of FRE 408. Nonetheless, the first part of the text message is simply a description/admission concerning the wage and time records referenced in the complaint which Defendants were required to keep and produce under the FLSA and NYLL. (ECF No. 1 ¶ 19). In any event, the text message is not being used to show the ultimate validity or amount of the claims – it is simply being used at this stage to show the plausibility of the overtime claims.

The above text message from Defendant Triumph powerfully establishes that the overtime claims are plausible and more. Even though Defendants appear to disagree on the amount of overtime owed, that is irrelevant for purposes of a motion to dismiss for failure to state a claim – what is relevant, is that some overtime wages are owed – the parties can litigate the full extent of the damages after the pleading stage during discovery, at summary judgment, or at trial if necessary. For example, after the pleadings stage, the

parties can litigate liability and damages for certain categories of work set forth in the complaint (ECF No. 1 ¶ 20).

### B.  PLAINTIFF HAS SUFFICIENTLY PLEADED THAT HE WAS EMPLOYED BY BOTH DEFENDANTS WITHIN THE MEANING OF THE FLSA AND NYLL

Defendants appear to argue that the only employer of Plaintiff was Defendant Top Set and that Defendant Triumph was not Plaintiff's employer. **(ECF No. 10 pg. 12-16).** Plaintiff has sufficiently pleaded that he was employed by both Defendants within the meaning of the FLSA and NYLL. In this regard, we will return to the text messages/admissions from Triumph a bit later but will first address the standard for pleading employment under the FLSA and NYLL set forth in *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90–91 (2d Cir. 2013)**,** where the Second Circuit stated in relevant part as follows:

> The Supreme Court has referred to the "striking breadth" of the FLSA's definition of the persons who are considered to be employees.
>
> …In her complaint, Dejesus alleged that she "worked for defendant Health First," Compl. ¶ 11, and was "employed by defendant for about three years," id. ¶ 20, as "an hourly employee," id. ¶ 22. She also alleged that she was "employed by defendant within the meaning of the FLSA." Id. ¶ 29. She added that as such an employee, she worked "to promote insurance programs to the public and to recruit members of the public to join those insurance programs." Id. ¶ 19. And she explained her wage structure ("a commission for each person recruited to join the insurance programs promoted by defendant, in addition to a regular non-commission wage"). Id. ¶ 21. Dejesus therefore alleged facts both about her employment status and duties in order to support the inference that she was an employee within the meaning of the FLSA.

Similarly, in his complaint in this action, Plaintiff alleged that he "employed by Defendants," Compl. ¶ 15, and was "employed by Defendants from in or around 2016 to on or about March 4, 2020," id. ¶ 15, as "an hourly employee," id. ¶ 17. He also alleged that he was "was employed by Defendants, individually and/or jointly, within the meaning of the FLSA." Id. ¶ 40. He added that as such an employee, he worked "transporting debris from Defendants' construction sites in New York City to Defendants' location in the Bronx." Id. ¶ 16. And he

explained his wage structure ("an hourly employee of Defendants and his last regular hourly rate of pay was about $45.00 an hour"). Id. ¶ 17.

Plaintiff therefore alleged facts both about his employment status and duties in order to support the inference that he was an employee of both Defendants within the meaning of the FLSA. *Dejesus*, 726 F.3d at 90–91.

Notably, there is no separate/different definition of employment in the joint-employment context under the FLSA and NYLL. Both the FLSA and NYLL define employment in essentially the same way, and whoever fits that definition as interpreted by the courts qualifies as an employer – joint employment is simply employment by two or more employers – a situation where two or more entitles or persons fit the definition of employer under the FLSA and NYLL. See also (Def. Memo pg. 15 "'Joint employment arises because multiple entities may simultaneously satisfy the FLSA's definition of 'employer.''"). By way of reinforcement, the Second Circuit in *Dejesus*, 726 F.3d at 90–91, in finding that the Plaintiff sufficiently pleaded the employment elements of her FLSA claims invoked and relied upon its joint employment precedent in *Barfield v. New York City Health & Hosps. Corp.,* 537 F.3d 132, 141–42 (2d Cir. 2008).

Once again. Plaintiff went far beyond what was required and in addition to the information and allegations found to be sufficient in *Dejesus*, Plaintiff here has gone further and pleaded as follows (ECF No. 1 ¶ 10):

> Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

Defendants attempt to argue that these are legal conclusions as opposed to factual allegations, but they are wrong once again. Moreover, although the actual division of

responsibility between Defendants is upon information and belief, the above allegation clearly

states that Defendants actually "performed such functions as to Plaintiff." Moreover, the

allegations are factual in nature and when taken as true would undisputedly establish that both

Defendants were employers/joint employers even under the standard and reasoning set forth by

Defendants.

Notably, the recent joint employment case of *Chamber v. Cone Heads et al,* involved a

similar paragraph in the complaint which stated as follows (Chambers Complaint, SDNY, ECF

Case No. 18-CV-07823 ¶ 10):

> Upon information and belief and at all times relevant herein, the corporate
> Defendant was owned/controlled/managed by Defendant Swire and it was
> Defendant Swire who controlled the employment of Plaintiff and was responsible
> for hiring, firing, scheduling, controlling, managing, supervising, and record-
> keeping as to plaintiff's employment, among other employment functions.

After a lengthy discussion with defense counsel at a pre-trial conference as to whether the

above allegations were legal conclusions or factual allegations, the court here in the SDNY

concluded as follows SDNY, ECF Case No. 18-CV-07823 ECF No. 46 pg. 35:

> With respect to the facts, the statements in paragraph10, I'll consider it, but my
> expectation is that I will view each of these as statements of fact that have been
> admitted for purposes of this proceeding.

Even more compelling here where we are dealing with a pre-answer motion to dismiss,

paragraph 10 in the complaint deals with statements of facts which must be taken as true – and

Defendants do not dispute that if they are taken as true, they will establish that both Defendants

are employers/joint-employment of Plaintiff for purposes of this pre-answer motion to dismiss at

the pleading stage – Defendants can always try to prove otherwise at summary judgment and

trial although we believe they will also be unsuccessful in doing so.

By way of reinforcement and very significantly, we return to Defendants' May 18, 2021 text messages which are set forth above and attached to Plaintiff's declaration. (Pl. Decl. ¶ 4-5, Ex. 1). Based on those text messages alone and especially when viewed along with the allegations in the complaint, a reasonable jury can easily and reasonable conclude that Plaintiff was employed and jointly employed by both Defendants – that Defendants admitted error in paying overtime wages precisely because they were the employers/joint-employers of the Plaintiff.

In fact, in the text message, it appears that Defendant Triumph is more of an employer than Defendant Top Set and wanted to take care of the case "before it hits Top Set." In this regard, it appears that the joint employment situation here is very similar to the joint-employment situation in *Barfield* where the New York City Health and Hospital Corporation in *Barfield* and Defendant Triumph here in this case were the real businesses with major operations, and the agencies in *Barfield* like Defendant Top Set here, existed more on paper than in reality, and all of them could therefore be viewed as one and the same and as joint-employers especially at the pre-answer stage of the proceedings.

Notably, Defendants here appear to view themselves as one and the same with both represented by the same attorney. Moreover, while hinting that Defendant Top Set is the only employer and has a separate identity, Defendants do not give us much reason to believe as such, especially in light of the overwhelming allegations and evidence showing otherwise. Indeed, Defendants do not identify any real offices for Top Set – and does not address whether Top Set uses the offices and work yard of Defendant Triumph; whether the owners of Triumph are also the owners of Top Set, etc. It is not uncommon in the construction industry for companies to set up smaller paper companies under their ownership and control for a variety of purposes – some

proper and some improper, but at the end of the day, such arrangements easily satisfy the broad definition of employment under the FLSA and NYLL as to both Defendants especially in light of the allegations in the complaint.

### C. PLAINTIFF HAS SUFFICIENTLY PLEADED FLSA COVERAGE

Defendants argue that Plaintiff did not properly plead FLSA coverage. In terms of the interstate commerce aspect of the coverage requirement, Defendants state in relevant part as follows (Def Memo – ECF No. 10 g. 4):

> Here, Plaintiff does not adequately plead his involvement in interstate activity Plaintiff's attempt to plead that the FLSA applies through the existence of "enterprise coverage" in this case is not sufficient to survive a motion to dismiss.

Once again, Defendants are very wrong as the complaint contains more than enough information to plausibly state the interstate commerce requirements for FLSA coverage. In this regard, the Court in *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 346 (E.D.N.Y. 2014):

> The first prong [interstate commerce] of this definition is relatively easy to establish. …Velez, 203 F.Supp.2d at 328 ("[T]he employee does not himself need to be involved in an activity that affects interstate commerce'; even a 'local laundry' is covered if the soap it uses moved in interstate commerce" (quoting Boekemeier v. Fourth Universalist Soc'y in City of New York, 86 F.Supp.2d 280, 285 (S.D.N.Y.2000) and Marshall v. Baker, 500 F.Supp. 145, 151 (N.D.N.Y.1980))).
>
> 29 U.S.C. § 203(s)(1)(A)(ii). See Jones, 2012 WL 3235784 at *4 n. 6 ("It should not come as a surprise that, given the expansiveness of this test, 'virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA.' " (quoting Archie v. Grand Cent. P'ship, Inc., 997 F.Supp. 504, 530 (S.D.N.Y.1998))).

Significantly, in *Underwood v. TAFSC Hous. Dev. Fund Corp.*, No. 18-CV-6664 (JPO), 2019 WL 5485211, at 2 (S.D.N.Y. Oct. 25, 2019), the Honorable Judge Oetken, stated in relevant part as follows:

14

> Second, an employee is covered by the FLSA if he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). In addition, the enterprise must have at least $500,000 in annual gross business volume. 29 U.S.C. § 203(s)(1)(A)(ii). Underwood alleges that Defendants have engaged in "interstate commerce" and had annual gross business volume in excess of $500,000. He is therefore covered by the FLSA. (Compl. ¶¶ 29, 31–32.)

In *Underwood*, the complaint contained numerous factual allegations concerning interstate commerce that are very similar to the many allegations in this case concerning interstate commerce, (ECF No. 1 ¶¶ 27-32):

> Upon information and belief and at all times relevant herein, Defendants used and purchased materials from vendors in and outside the State of New York and from a variety of sources after traveling in interstate and/or foreign commerce.

> At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

> At all times applicable herein and upon information and belief, Defendants conducted business outside the State of New York involving construction equipment, materials and services.

> Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

> Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

> At all times applicable herein and upon information and belief, defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

Indeed, it would be strange and implausible if businesses with over 100 employees like the Defendants here, that are engaged in the construction industry, are not also engaged in interstate commerce given the very broad definition of that term, and especially given the widespread use of modern interstate technology such as emails, text messages, cell phones, GPS, internet, etc. – which did not exist many decades ago but are an essential part of almost every business today. In fact, the complaint cites to the website of Defendant Triumph (ECF No. 1 ¶

13), and the operation of a website is inherently interstate and is enough to satisfy the interstate commerce requirement under the FLSA, especially when used by businesses like Defendants for branding, marketing, customer relations/service etc.

Very compelling in this case, we have a situation where Defendants themselves admit in their motion papers that they were "entities [] engaged in the flow of interstate commerce." (ECF No. 10 pg. 2). Defendants can be involved in interstate commerce without the Plaintiff being involved in interstate commerce and Plaintiff can be involved in interstate commerce in a capacity other than driving such as the use of emails, cellphone, test messages, the internet as a regular part of his job as is extremely common in modern times. (ECF No. 1 ¶ 27-32).

Next, Defendants appear to dispute that they had revenues or business volume in excess of $500,000 a year, (ECF No. 10 pg. 5):

> In support of this element, Plaintiff first restates the statutory language by baldly claiming that "[u]pon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually."

However, the subject allegations are factual ones and if taken as true as we must, it would obviously establish the revenue and business volume requirement. In fact, the complaint alleges that Defendants employed "approximately over 100 employees" (ECF No. 1 ¶ 14) – if this allegation is taken as true as we must, and assuming that Defendants paid at least the minimum wage, then the wages alone that Defendants paid would far exceed the $500,000 a year – it would be millions of dollars a year.

Very compellingly, this Court can take judicial notice of public records such as the public Payroll Protection Program ("PPP"), records published by the United States government on the internet. (https://www.federalpay.org/paycheck-protection-program/triumph-construction-corp-bronx-ny). These records alone show that Defendant Triumph received about $6.93 million for

326 employees just for an 8-week period that is covered by the PPP program records and this would annualize to over $25 million a year in wages alone – far exceeding the FLSA's monetary requirements.

Finally, although the complaint sufficiently alleges FLSA coverage requirements as to both Defendants, individually and jointly, it should be noted that for purposes of joint-employment analysis, the interstate activities and business volume/revenues of all joint employers are aggregated. As such, where one joint-employer has less than $500,000 in annual business volume/revenue but the other joint employer has more, or where neither has more but together they have more, all joint-employers are deemed to meet the business volume/revenue requirement. Notably, for example, the FLSA allows supervisors and managers to be considered joint-employers and it is rare for an individual manager to have more than $500,00 in revenues/income from employment, especially in the typical FLSA cases where such joint-employment is found.

### D. DEFENDANTS' MCE EXEMPTION DEFENSE ARGUMENTS ARE WITHOUT MERIT

Defendants appear to argue that Plaintiff is exempt from the overtime protections because of the MCE affirmative exemption defense of the FLSA and NYLL (ECF No. 10 pg. 7):

> On the other hand, if Plaintiff has adequately pled that he is subject to the FLSA's overtime requirements, then in light of the standard applicable to this motion Plaintiff cannot state an FLSA overtime claim because he has pled himself to be exempt from same. Indeed, truck drivers are generally exempt from the FLSA overtime requirements.

Defendants are very wrong based on settled law. At the outset, a Plaintiff does not have to plead or prove an FLSA exemption affirmative defense. In *Liu*, the Honorable Jude Oetken explained in relevant part as follows:

> Defendants first argue that Liu, as a certified nurse practitioner, is exempt from FLSA as a learned professional … Liu responds that Defendants have failed to

17

carry their burden to show she is exempt. Liu is correct in that "[a] claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 (2d Cir. 2013).

Nevertheless, job titles are not dispositive, and at this stage the Court must construe all facts in Liu's favor. Here, while her title was nurse practitioner, Liu alleges that she performed manual labor. (FAC ¶ 18.)

Indeed, it is well settled, that unless an affirmative defense appears on the face of the complaint, a motion to dismiss based on that affirmative defense must be denied. *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015)('The application of an exemption to the FLSA is an affirmative defense, which may be raised in a pre-answer Rule 12(b)(6) motion "if the defense appears on the face of the complaint," A plaintiff is not required to plead the absence of such a defense.').

Here, the complaint states in relevant part as follows (ECF No. 1 ¶ 16):

Plaintiff was individually and/or jointly employed by Defendants as a driver/operator in New York City – transporting debris from Defendants' construction sites in New York City to Defendants' location in the Bronx.

In other words, the complaint in this case such as the paragraph excerpted above, if taken as true as we must, would defeat the Motor Carrier Exemption defense because it states that Plaintiff transported debris within New York City – and not interstate. In any event, the MCE is fact-intensive and requires Defendants to prove many elements and sub-elements including but not limited to safety affecting work within the meaning of the statute, interstate nature of the work, non de-minimis nature of any interstate work, bona fide nature of any interstate work, weight of the vehicle used in any interstate work, the weeks in which the exemption actually applied and weeks in which it did not, etc. *Khan v. IBI Armored Servs., Inc.,* 474 F. Supp. 2d 448, 456 (E.D.N.Y. 2007) (rejecting the motor carrier exemption affirmative defense after trial and holding that, "When the evidentiary dross is poured off, the molten mass of IBI's proof must

18

meet the gold standard of the "actual duties" test. The burden to establish factually a statutory

exemption from the FLSA never shifts from the employer."). *Dauphin v. Chestnut Ridge*

*Transp., Inc.*, 544 F. Supp. 2d 266, 274-75 (S.D.N.Y. 2008) ("Thus, for the motor carrier

exemption from the FLSA to apply, defendants here must establish either that the activities of the

individual plaintiffs involved interstate travel of a character that was more than de minimis or

that interstate travel was a "natural, integral and . . . inseparable part" of the position plaintiffs

held. McComb, 332 U.S. at 433. The present record does not establish either of these conditions

as a matter of law."). Nonetheless, the complaint states that the plaintiff operated within New

York City – and that as a threshold matter, the Motor Carrier Exemption affirmative defense

easily fails because of the lack of required interstate work by Plaintiff, among many other

deficiencies as mentioned.

## V.   CONCLUSION

Based on the foregoing, it is respectfully requested this Honorable Court deny Defendants'

motion to dismiss in its entirety, and grant Plaintiff such other, further and different relief in

Plaintiff's favor as the Court deems just and proper.


Dated:  Queens Village, New York
        August 30, 2021

Respectfully submitted,

Abdul Hassan Law Group, PLLC

   /s/ Abdul Hassan
_____
**By: Abdul K. Hassan, Esq. (AH6510)**
*Counsel for Plaintiff George Martinez*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com