**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GEORGE MARTINEZ,

Plaintiff,

-against-

TRIUMPH CONSTRUCTION CORP. and TOP SET TRUCKING, LLC,

Defendants.

Civil Action No. 1:21-cv-04137-JPO-SDA

Civil Action

Oral Argument Requested

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**COLE SCHOTZ P.C.**
1325 Avenue of the Americas
19th Floor
New York, NY 10019
(212) 752-8000
*Counsel for Defendants, Triumph Construction Corp. and Top Set Trucking, LLC*

Of Counsel and on the Brief:

Brian L. Gardner, Esq.
Jed M. Weiss, Esq.
Elizabeth A. Carbone, Esq. (*pro hac vice*)

## TABLE OF CONTENTS


Page

PRELIMINARY STATEMENT ....................1

LEGAL ARGUMENT ....................2

I. PLAINTIFF'S DECLARATION MUST BE DISREGARDED. ....................2

II. THE COMPLAINT DOES NOT CONTAIN "FACTUAL" ALLEGATIONS. ....................3

A. Plaintiff Insufficiently Alleges Unpaid Overtime. ....................3

B. Plaintiff Insufficiently Alleges Enterprise Coverage. ....................5

C. Plaintiff Insufficiently Alleges Employer-Employee Relationships. ....................6

D. Plaintiff Concedes The Deficiencies In His Other Claims. ....................8

III. THE MOTOR CARRIER ACT EXEMPTION APPLIES HERE. ....................8

IV. ANY DISMISSAL MUST BE WITH PREJUDICE. ....................10

CONCLUSION ....................10




63283/0001-41590650v2

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adams v. Crystal City Marriott Hotel*,
No. 02-cv-10258, 2004 WL 744489 (S.D.N.Y. Apr. 6, 2004) ............................................2, 8

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ........................................................4

*Barfield v. N.Y.C. Health & Hosp. Corp.*,
537 F.3d 132 (2d Cir. 2008)...........................................................................................................7

*Bilyou v. Dutchess Beer Distributors, Inc.*,
300 F.3d 217 (2d Cir. 2002)...........................................................................................................9

*Chambers v. Cone Heads Ltd.*,
No. 18-cv-07823 (S.D.N.Y.)..........................................................................................................7

*Dauphin v. Chestnut Ridge Transp., Inc.*,
544 F. Supp. 2d 266 (S.D.N.Y. 2008)............................................................................................9

*DeJesus v. HF Mgmt. Servs., LLC*,
726 F.3d 85 (2d Cir. 2013).........................................................................................................3, 7

*Herrnson v. Hoffman*,
No. 19-cv-7110, 2020 WL 6323637 (S.D.N.Y. Oct. 28, 2020)...............................................2

*Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014) ............................................................4

*Khan v. IBI Armored Services, Inc.*,
474 F. Supp. 2d 448 (E.D.N.Y. 2007) .........................................................................................10

*Kuebel v. Black & Decker Inc.*,
643 F.3d 352 (2d Cir. 2011)...........................................................................................................4

*Liu v. N.Y. Neuromodulation Medical, P.L.L.C.*,
No. 20-cv-0500 (S.D.N.Y.)......................................................................................................4, 10

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
711 F.3d 106 (2d Cir. 2013)...........................................................................................................3

*McGuiggan v. CPC Int'l, Inc.*,
84 F. Supp. 2d 470 (S.D.N.Y. 2000)..............................................................................................9

*Perkins v. 199 SEIU United Healthcare Workers E.*,
73 F. Supp. 3d 278 (S.D.N.Y. 2014)..............................................................................................4

*Underwood v. TAFSC Hous. Dev. Fund Corp.*,
No. 18-cv-6664, 2019 WL 5485211 (S.D.N.Y. Oct. 25, 2019)...............................................5

*Yongfu Yang v. An Ju Home, Inc.*,
No. 19-cv-5616, 2020 WL 3510683 (S.D.N.Y. June 29, 2020) ....................7

**Statutes**

29 U.S.C. § 203(s)(1)(A)(ii) ....................5

**Other Authorities**

29 C.F.R. § 782.2(b)(3) ....................9

29 C.F.R. § 782.7(a) ....................9

Defendants[1] respectfully submit this reply memorandum in further support of their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "***Motion***").

**PRELIMINARY STATEMENT**

Defendants' entitlement to relief cannot be legitimately disputed given that Plaintiff has been forced to improperly submit extraneous material in opposition to this Motion. Indeed, when all the superfluous matters are stripped from Plaintiff's opposition and his declaration properly disregarded, it is clear that he cannot legitimately defend his conclusory pleading.

Respectfully, as is apparent from even a cursory review, the Complaint contains fewer factual allegations than cases adjudicated by both this Court and other courts. The Complaint does not, with any meaningfully sufficient detail, define when Plaintiff was employed by Top Set (or how he was employed by Triumph), the hours he worked, the amount of overtime hours worked, and the amount of overtime he is allegedly owed, to name a few examples. Any detail in the Complaint is largely the result of Plaintiff reiterating legal standards or bald conclusory statements, neither of which are entitled to deference or inferences in his favor under the well-settled standard governing motions to dismiss. Moreover, Plaintiff does not even try to oppose the Motion as it pertains to his non-overtime NYLL claims.

In short, the dismissal of this Complaint is warranted and necessary under the circumstances. Furthermore, any dismissal of the Complaint, in whole or in part, must be with prejudice as Plaintiff has failed to preserve his right to cure any deficiencies with any amended pleading as required by this Court's Individual Rules and Practices in Civil Cases (the "***Individual Rules***").

[1] Capitalized terms used herein shall have the meaning ascribed to the term in Defendants' moving brief ("***Defs.' Mem.***") [Dkt. No. 10] unless otherwise defined herein.

## LEGAL ARGUMENT

### I. PLAINTIFF'S DECLARATION MUST BE DISREGARDED.

Plaintiff's August 30, 2021 Declaration ("*Pl.'s Decl.*") [Dkt. No. 18] is extraneous material that cannot be considered in connection with a motion to dismiss. As this Court has recognized, "[i]n deciding a Rule 12 motion, a court may consider only 'the complaint itself or any matters that are subject to judicial notice by the court.'" *Herrnson v. Hoffman*, No. 19-cv-7110, 2020 WL 6323637, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted). "When a party submits additional evidence to the Court in connection with a motion to dismiss, the Court must convert the motion to dismiss into a motion for summary judgment[2] ***or exclude the extraneous documents from consideration***." *Adams v. Crystal City Marriott Hotel*, No. 02-cv-10258, 2004 WL 744489, at *3 (S.D.N.Y. Apr. 6, 2004) (citations omitted) (emphasis added). "Materials are extraneous where they are not 'incorporated in, or integral to, the Plaintiff's Complaint.'" *Herrnson*, 2020 WL 6323637 at *1 (citation omitted). This includes sworn statements submitted by a plaintiff in opposition to a motion to dismiss. *Adams*, 2004 WL 744489 at *3 (excluding a certification).

Here, Plaintiff submitted a declaration, with an exhibit "to verify and introduce text messages…" in opposition to the Motion. *See* Pl.'s Decl. Yet, neither the Declaration nor the exhibit appended thereto are incorporated into or attached to the Complaint or are otherwise judicially noticeable. Plaintiff makes no argument to the contrary and instead concedes that this Court is "limited by the four corners of the complaint in this case." Opposing Memorandum of Law ("*Opp.*"), p. 5 [Dkt. No. 17]. Accordingly, the Declaration, with exhibit, should not be, and cannot be, considered by the Court in the context of this Motion.

---

[2] Conversion at this time is inappropriate given the lack of notice.

Even if, *arguendo*, this Court were inclined to consider the Declaration, it should not do so as the appended text message is, as Plaintiff concedes, a settlement communication. Opp., pp. 9. The propriety of Plaintiff ***publicly filing*** and relying on settlement communications warrants little further comment. Accordingly, the Declaration and the exhibit should be disregarded and stricken from the docket.

## II. THE COMPLAINT DOES NOT CONTAIN "FACTUAL" ALLEGATIONS.

The foregoing aside, Plaintiff's opposition to this Motion is unpersuasive because Plaintiff essentially ignores, and asks this Court to ignore, the relevant pleading standard. The plausibility standard requires more than bare legal conclusions and a recitation of elements of claims or legal theories, which are not entitled to deference. *See* Defs.' Mem., pp. 3-4.

### A. Plaintiff Insufficiently Alleges Unpaid Overtime.

"Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citation omitted). While approximations of hours "***may*** help draw a plaintiff's claim closer to plausibility[,]" case law does not support Plaintiff's claim that conclusory estimates, like the ones made by Plaintiff, are always sufficient to state a claim. *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013) (citation and quotations omitted) (emphasis added). Such an assertion is incompatible with the plausibility pleading standard, as is evident in this case.

Plaintiff's "estimates" of uncompensated overtime are unjustifiably conclusory. As Plaintiff's own submission highlights, his Complaint recites statutory language with some bare-bone approximations. Defs.' Mem., pp. 8-10. Indeed, Plaintiff's "estimates" neither come close to satisfying the plausibility standard nor provide any sufficient context for the Court to infer a claim. Plaintiff's generic estimates do not provide any meaningful allegation or estimate related

to: (1) the start and end dates of his employment (*e.g.*, some point in 2016 to March 4, 2020 with an undefined nine month break between 2016 and 2017), (2) how many hours he worked (*e.g.*, "60-84 ***or more*** hours"), and (3) how many hours were overtime (*e.g.*, 15-21 hours a week). Compl., ¶¶ 15 & 18-20 (emphasis added). Plaintiff does not even attempt to provide any estimate of how much he claims to be owed. *See generally id.* Plaintiff, in fact, even concedes the generic conclusory nature of these allegations. *Id.* at ¶ 19. In fact, the most specific allegation Plaintiff offers is a legal conclusion: "Plaintiff worked more than forty (40) hours in a week, for each week, during his employment with Defendants." *Id.* at ¶ 22. These generic and conclusory allegations are insufficient to plausibly state an FLSA claim. *See, e.g.*, *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) (allegations that a plaintiff merely worked 40 hours a week was a "threadbare recital[] of the elements of a cause of action" and did not "cross the line from conceivable to plausible[]") (citations and alterations omitted).

The cases on which Plaintiff relies to support the sufficiency of his generic estimates are inapposite. *Kuebel* involved a summary judgment motion pre-*Lundy*. *See, e.g.*, *Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011). *Anderson* concerned a question on how to determine "working time" in 1946. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), *recognized as superseded in part*, *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014). Furthermore, this Court's decision in *Lui* is fact-specific and, respectfully, the allegations made in that ***amended*** complaint are generally more detailed than those alleged here as the plaintiff gives more precise employment date ranges and a significantly narrower range of alleged hours worked each period, among other things. *See Liu v. N.Y. Neuromodulation Medical, P.L.L.C.*, No. 20-cv-0500 (S.D.N.Y.), Am. Compl. [Dkt. No. 20].

### B. Plaintiff Insufficiently Alleges Enterprise Coverage.

Contrary to Plaintiff's assertion, there is likewise insufficient "information" alleged in the Complaint from which this Court could conclude that Plaintiff "plausibly state[d] the interstate commerce requirements for FLSA coverage." Opp., p. 14. Once again, Plaintiff relies on legal conclusions and bare recitals to attempt to satisfy his pleading burden, which this Court should not, and cannot, sanction. While Plaintiff claims the Complaint "contains numerous factual allegations concerning interstate commerce" that are akin to allegations this Court found sufficient in another case, he is incorrect.

Plaintiff's allegations relating to interstate commerce are entirely conclusory recitations of legal elements. *Compare* Defs.' Mem., pp. 5-6 *with* Opp., pp. 14-17. Indeed, while Plaintiff wants his allegations taken as true, he ignores the fact that such deference is only warranted for ***factual allegations***, not legal conclusions. It is, in fact, entirely unclear to Defendants how Plaintiff can claim the statement – "Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually[,]" Opp., p. 16, is not a recitation of the statutory requirement for FLSA coverage and thus a barren legal conclusion. *Compare* Compl., ¶ 26 *with* 29 U.S.C. § 203(s)(1)(A)(ii). Plaintiff's remaining allegations are equally as conclusive. Defs.' Mem., pp. 5-6. Plaintiff certainly cannot be excused from his obligation to plead a specific entitlement to relief against each specific defendant based on an unsubstantiated aggregation argument. *Contra* Opp., p. 17.

This Court's decision in *Underwood v. TAFSC Housing Development Fund Corp.* does not suggest otherwise. In *Underwood*, this Court considered a motion for default judgment. *Underwood v. TAFSC Hous. Dev. Fund Corp.*, No. 18-cv-6664, 2019 WL 5485211, at *1 (S.D.N.Y. Oct. 25, 2019). Meaning, the sufficiency of the factual allegations asserted in that case were not challenged. *Id.* Here, Defendants are, obviously, challenging the allegations.

Plaintiff's argument that the allegations are sufficient based on Defendants' alleged judicial admission and Triumph's PPP loan are likewise unavailing. Opp., pp. 16-17. With respect to the alleged admission, Plaintiff's misleading citation to what he argues constitutes a "judicial admission" pertains to Defendants' alternative legal argument that the Motor Carrier Act Exemption applies to this case. Defs.' Mem., p. 2. This is not a judicial admission. With respect to the PPP loan, because Plaintiff has insufficiently plead that Triumph was his employer, *see* Legal Argument § II(C), *infra*, judicial notice of its PPP loan is both inappropriate and has no bearing on whether FLSA coverage is stated. Even if the Court considers this, it has no bearing on whether FLSA coverage has been stated as to Top Set.

### C. Plaintiff Insufficiently Alleges Employer-Employee Relationships.

Similarly to the foregoing, with respect to the employer allegations, it is Plaintiff rather than Defendants that are "wrong once again." Opp., p. 11. Since Plaintiff is not entitled to rely on extraneous material to support his opposition, *see* Legal Argument, § I, *supra*, Plaintiff's sole attempt to avoid a dismissal of Triumph is to point to his conclusory recitation of legal elements in the Complaint concerning the alleged employment relationship between the parties. *Id.* at pp. 10-14. Once again, conclusory allegations are not entitled to deference and are insufficient to state claims even at a pre-answer stage. Defs.' Mem., pp. 3-4.

As Plaintiff concedes, his employer-related allegations consist entirely of the bald conclusion that he worked for "Defendants" and a recitation of the elements of an employment relationship from case law. Opp., p. 11; Compl., ¶ 10. Risking redundancy, Plaintiff cannot recite the elements of the Formal Test and Functional Control Test to satisfy the plausibility standard. Defs.' Mem., pp. 12-15. Plaintiff has made no effort to assert any specific allegations concerning the specific control or employment relationship Triumph (or event Top Set) had with Plaintiff in this case and under these facts.

*DeJesus* cannot save Plaintiff's pleading deficiency. Setting aside the fact that *DeJesus* does not provide for a pleading standard separate and distinct from *Iqbal* and *Twombly*, the *DeJesus* Court's discussion on employment allegations was (respectfully) advisory dicta. 726 F.3d at 90-91. Moreover, the allegations described by the court in *DeJesus* were more specific and factual than those asserted here because the allegations were directed against a ***specific*** defendant rather than generically against multiple parties, which is impermissible. Defs.' Mem., p. 6.

Similarly, neither *Chambers* nor *Barfield* are persuasive here. The statements excerpted by Plaintiff from the *Chambers* case are dicta—indeed, they do not even constitute a ruling—and thus are of no moment. Opp., p. 12. Furthermore, the statement was made by the court in the context of whether certain statements were judicial admissions, not whether the statements were sufficient factual allegations for pleading purposes. *Chambers v. Cone Heads Ltd.*, No. 18-cv-07823 (S.D.N.Y.), Transcript of Nov. 18, 2019 Hearing, pp. 21-35 [Dkt. No. 46]. Plaintiff's reliance on *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132 (2d Cir. 2008) is also misplaced as that decision was an appeal from a summary judgment decision and was therefore rendered with a full factual record. *Id.* at 144-50.

Finally, Plaintiff misunderstands the procedural posture of this case. Opp., p. 13. Indeed, Plaintiff seeks to argue that his pleading is sufficient by claiming that ***Defendants*** do not demonstrate there is no employment relationship. *Id.* The argument is backwards. At this juncture, it is Plaintiff's burden to sufficiently plead his claims rather than Defendants' burden to disprove them. *See, e.g., Yongfu Yang v. An Ju Home, Inc.*, No. 19-cv-5616, 2020 WL 3510683, at *4 (S.D.N.Y. June 29, 2020), *reconsideration denied sub nom.*, 2021 WL 1044160 (S.D.N.Y.

Feb. 2, 2021) ("Plaintiffs may not meet their pleading burden by merely regurgitating relevant pleading standards[.]"). This is not a summary judgment motion.[3]

**D. Plaintiff Concedes The Deficiencies In His Other Claims.**

Plaintiff's opposition makes no meaningful attempt to argue against the dismissal of his non-overtime NYLL claims (the third cause of action). *See generally* Opp. As such, Plaintiff concedes the claims are deficiently pled and said claims should be dismissed with prejudice. *See* Defs.' Mem., p. 11.

## III. THE MOTOR CARRIER ACT EXEMPTION APPLIES HERE.

With respect to Plaintiff pleading himself into an FLSA exemption, it is Plaintiff "who [is] very wrong on settled law." Opp., p. 17. As Plaintiff concedes, Defendants are entirely permitted to raise an affirmative defense in this Motion as the defense is clear on the face of the Complaint. *Adams*, 2004 WL 744489 at *2 ("An affirmative defense can arise when plaintiff adequately states a claim, but 'plaintiff's own allegations show that the defense exists.'") (citation omitted). Construing all of the "facts" pled by Plaintiff, the Motor Carrier Act Exemption applies to this case. Defs.' Mem., pp. 7-8.

Plaintiff's challenge to this argument is the unavailing proposition that he personally was not involved in interstate commerce notwithstanding the litany of commerce allegations asserted in the Complaint against Defendants. Opp., 18. Yet, as recognized by the Second Circuit, "[e]ven if a carrier's transportation does not cross state lines, the interstate commerce requirement is satisfied if the goods being transported within the borders of one State are

[3] Equally unavailing are Plaintiff's assertions regarding alleged custom in the construction industry and the import he places on Defendants' joint representation. Opp., pp. 13-14. The assertions are both inaccurate and irrelevant to the resolution of this Motion.

involved in a 'practical continuity of movement' in the flow of interstate commerce.[4]" *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 223 (2d Cir. 2002) (citations omitted). In addition, when "interstate travel constitutes a 'natural, integral and ... inseparable part' of the employees' duties, such that any employee is likely to be called on to perform interstate travel, the employees are all subject to the motor carrier exemption while they fill that position regardless of the actual number of hours they individually devote to interstate travel." *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 274-75 (S.D.N.Y. 2008); *see also* 29 C.F.R. § 782.2(b)(3). Plaintiff has plead himself to fall within this category.

Plaintiff alleges (albeit in conclusory fashion) the extent to which Defendants engage in interstate commerce as part of their routine operations. Compl., ¶¶ 26-33. Plaintiff further alleges that Defendants are engaged in construction services. *Id.* at ¶ 13. As a driver, naturally and logically part of Plaintiff's job duties would be to drive where "Defendants" needed him to go, which, if Plaintiff's allegations are to be believed, would necessarily include interstate travel or the transport of materials in connection with interstate travel. *Id.* at ¶¶ 26-33. Indeed, Plaintiff allegedly performed "errands" for Defendants. *Id.* at ¶ 20. Thus, even if Plaintiff only drove intrastate routes, that alone is insufficient to defeat the applicability of the Motor Carrier Exemption Act as he is still part of the "practical continuity of movement" of goods in interstate commerce. *See, e.g.*, *McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 482 (S.D.N.Y. 2000) ("The fact that the Plaintiffs here picked up their goods at depots in New York and drove routes that lay entirely within New York State does not prevent a finding that the CPC products were in interstate commerce.").

---

[4] Thus, for example, "[a]sphalt distributor-operators, although not exempt by reason of their work in applying the asphalt to the highways, are within the exemption where they transport to the road site asphalt moving in interstate commerce." 29 C.F.R. § 782.7(a).

Plaintiff's reliance on *Khan v. IBI Armored Services, Inc.*, 474 F. Supp. 2d 448 (E.D.N.Y. 2007) and *Lui* in connection with this argument is, and remains, unavailing. Opp., pp. 17-18. The plaintiff in *Khan* was a vault attendant rather than a truck driver with different duties. *See, e.g.*, *Khan*, 474 F. Supp. 2d at 453. Similarly, in *Lui* this Court merely found that the affirmative defense being asserted in that action, which was not the Motor Carrier Act Exemption, was not clear from the face of the complaint. *See generally Lui*, No. 20-cv-0500, Opinion and Order [Dkt. No. 34].

## IV. ANY DISMISSAL MUST BE WITH PREJUDICE.

As a final matter, Plaintiff has waived his ability to amend the Complaint. As set forth in the Court's Individual Rules, Plaintiff was required to advise both the Court and Defendants whether he was relying on the Complaint or would be seeking leave to amend same. Individual Rules, ¶ 3(D)(ii). The failure to do so constitutes a waiver of any right to amend the complaint to cure any pleading deficiency. *Id*. Plaintiff has failed to comply with this Individual Rule and has accordingly waived his right to request a dismissal without prejudice.

## CONCLUSION

For all of the foregoing reasons, and those previously asserted, Defendants respectfully submit that their Motion should be granted and the Complaint dismissed, in whole or in part, with prejudice.

**DATED:** New York, New York
September 21, 2021

**COLE SCHOTZ P.C.**
*Attorneys for Defendants*

By: */s/ Brian L. Gardner*
Brian L. Gardner, Esq.
Jed M. Weiss, Esq.
Elizabeth Carbone, Esq. (*pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10022-4728