UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE MARTINEZ,

                  Plaintiff,

-v-

TRIUMPH CONSTRUCTION CORP., *et al.*,

                  Defendants.

21-CV-4137 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

George Martinez, formerly a truck driver employed by Defendants, brings this action against Defendants for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and related claims under New York Labor Law ("NYLL"). Defendants move to dismiss for failure to state a claim. For the reasons that follow, Defendants' motion is granted in part and denied in part.

**I.    Background**

The following facts are taken from the complaint and are assumed true for the purposes of this motion.

Martinez resides in Bronx County, New York and was employed by Defendants as a truck driver from sometime in 2016 to March 4, 2020, with the exception of a nine-month period starting in 2016 and ending in 2017. (*See* Dkt. No. 1 ¶¶ 7, 15–16.) Triumph Construction Corporation is a New York for-profit corporation. (*See* Dkt. No. 1 ¶ 8.) Top Set Trucking, LLC is a limited liability company. (*See* Dkt. No. 1 ¶ 9.) In the course of their business, Defendants use and purchase materials from vendors in and outside of New York, and conduct other business with vendors and businesses outside of New York. (*See* Dkt. No. 1 ¶¶ 27–28.)

1

Defendants, individually and/or jointly, have revenues or transact business exceeding $500,000 annually.  (*See* Dkt. No. 1 ¶ 26.)

As a truck driver for Defendants, Martinez primarily transported debris from Defendants' construction sites in New York City to Defendants' location in the Bronx.  (*See* Dkt. No. 1 ¶ 16.)  Martinez was an hourly employee, and he worked approximately 60–84 hours each week during his employment, with the exception of two to three weeks each year.  (*See* Dkt. No. 1 ¶¶ 17–18.)  Yet Defendants failed to pay Martinez his overtime wages in several ways:  Defendants paid some of Martinez's overtime wages at his regular hourly rate instead of a rate at least 1.5 times higher; Defendants failed to pay Martinez any overtime wages for approximately 15–21 hours of overtime each week; and Defendants improperly deducted $100–$150 from Martinez's overtime wages each week for about a year.  (*See* Dkt. No. 1 ¶ 20.)  Defendants also underpaid Martinez's non-overtime wages for some of his work.  (*See* Dkt. No. 1 ¶ 21.)  Additionally, the statements that Defendants provided to Martinez with his wage payments lacked certain information like his rates of pay.  (*See* Dkt. No. 1 ¶ 25.)

Martinez filed this action in 2021.  (Dkt. No. 1 ¶ 8.)  He asserts claims against Defendants for unpaid overtime under the FLSA and NYLL (*see* Dkt. No. 1 ¶¶ 39–48), for unpaid non-overtime wages and unlawful wage deductions under NYLL (*see* Dkt. No. 1 ¶ 51), and for failing to provide required notices about his employment and statements under the NYLL (*see* Dkt. No. 1 ¶¶ 52–53).  Defendants, in response, move to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 9.)

**II.     Legal Standard**

To overcome a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the court "must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. FLSA Claims

Defendants argue that Martinez's FLSA overtime claim must fail for three independent reasons: the Motor Carrier Act ("MCA") exemption bars Martinez from bringing a claim under the FLSA; Martinez fails to sufficiently allege facts establishing that he is covered under the FLSA; and Martinez also fails to sufficiently allege facts to support that he worked more than 40 hours in any given work week and that he was uncompensated for some of the overtime work. The Court addresses each of these arguments in turn.

##### 1. Motor Carrier Act Exemption

FLSA exemptions are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). "The application of an exemption to the FLSA is an affirmative defense, which may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81 (2d Cir. 2015) (internal citation and quotation marks omitted). Under the MCA

exemption, the FLSA's overtime provisions do not apply to employees of motor private carriers for whom "[the] Secretary of Transportation may prescribe requirements for . . . qualifications and maximum hours of service . . . to promote safety of operation." *Bilyou*, 300 F.3d at 222–23 (quoting 49 U.S.C. § 31502(b)(2)). The MCA allows the Secretary of Transportation to prescribe these requirements for employees who "directly affect[] the safety of operation of motor vehicles . . . in interstate or foreign commerce." *Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F. Supp. 3d 697, 700 (E.D.N.Y. 2017) (quoting 29 C.F.R. § 782.2(a)).

The MCA exemption often applies to truckers. *See Fox v. Commonwealth Worldwide Chauffeured Transp. of N.Y., LLC*, 865 F. Supp. 2d 257, 266 (E.D.N.Y. 2012) ("There are four broad categories of workers whose duties are said to directly affect the safety of vehicle operation: drivers, mechanics, loaders, and helpers of the first three."). Even if a truck driver does not cross state lines, the MCA's "interstate commerce requirement is satisfied if the goods being transported within the borders of one State are involved in a practical continuity of movement in the flow of interstate commerce." *Bilyou*, 300 F.3d at 223.

From the face of Martinez's complaint, it is unclear if the MCA exemption applies. Martinez alleges that he was employed as a truck driver in New York City and that he transported debris from Defendants' construction sites in New York City to Defendants' location in the Bronx. (*See* Dkt. No. 1 ¶ 16.) Martinez does not allege that he ever drove across state lines. Because Martinez alleges that Defendants conducted business outside of New York, Defendants assert that it is reasonable to infer that his transportation of debris was part of a practical continuity of movement of goods in interstate commerce. Defendants further point out that Martinez alleges that he sometimes did "errands" for Defendants (*see* Dkt. No. 1 ¶ 20), which could have included interstate travel or transport of materials in connection with interstate

4

travel. Even if these inferences are reasonable, however, the Court must narrowly construe FLSA exemptions against employers. And Martinez's allegations, when construed narrowly, do not establish that he operated a vehicle for interstate commerce or that he transported goods involved in the flow of interstate commerce. The Court thus concludes, at this stage, that the MCA exemption does not bar Martinez's claims.

### 2. Enterprise Coverage

To be covered by the FLSA, "an employee must be either (1) employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce, which is referred to as 'enterprise coverage,' or (2) personally engaged in interstate commerce or in the production of goods for interstate commerce, which is referred to as 'individual coverage.'" *Aponte v. Clinton St. Pizza Inc.*, No. 20 Civ. 2037, 2021 WL 1961646, at *3 (S.D.N.Y. May 17, 2021). For enterprise coverage to apply, the employee's employer must have "[an] annual gross volume of sales made or business done [that] is not less than $500,000." *Boekemeier v. Fourth Universalist Socy. in City of N.Y.*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000) (quoting 29 U.S.C. §§ 203(s)(1)(A)(i), (ii)).

Martinez alleges facts that plainly support enterprise coverage existing here. Defendants used and purchased materials form vendors in and outside of New York and conducted other business with vendors and businesses outside of New York. (*See* Dkt. No. 1 ¶¶ 27–28.) Defendants, individually and/or jointly, also had revenues or transacted business that exceeded $500,000 annually. (*See* Dkt. No. 1 ¶ 26.) Martinez also alleges that Defendants employed over 100 employees (*see* Dkt. No. 1 ¶ 14), which further supports the plausibility of Defendants' having revenues or transacting business that exceeded $500,000 annually. Contrary to Defendants' argument, these allegations are not legal conclusions. They are instead allegations

of fact, ones that the Court must accept as true at this stage, and ones that sufficiently establish that the FLSA covers Martinez.

### 3. Overtime Compensation

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013) (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)).  An approximation of overtime hours "may help draw a plaintiff's claim closer to plausibility." *Id.* (quoting *Lundy*, F.3d at 114 n.7).  "[D]etermining whether a plausible claim has been pled is [ultimately] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Lundy*, 711 F.3d at 114).

The allegations in the complaint here sufficiently state a plausible FLSA overtime claim. Martinez approximates that he worked 60–84 or more hours each week for the entirety of his employment with Defendants, with the exception of two to three weeks each year.  (*See* Dkt. No. 1 ¶ 18.)  Martinez further alleges three different ways that Defendants failed to pay him required overtime: paying him some overtime wages at his regular rate instead of at a rate at least 1.5 times higher than his regular rate; not paying any wages for about 15–21 overtime hours each week; and improperly deducting $100–$150 from his overtime wages each week for a year. (*See* Dkt. No. 1 ¶ 20.)  Defendants contend that these allegations are like the ones in *Dejesus*, which did not to state a plausible FLSA overtime claim.  But the plaintiff in *Dejesus*, unlike Martinez, failed to "estimate her hours in any or all weeks" with a complaint "devoid of any numbers to consider beyond those plucked from the statute," requiring dismissal of her FLSA overtime claims.  *Id.* at 90.  Nor is this case like the *Lundy* case cited by Defendants, where the allegations failed because the court "could not get beyond forty hours in any given week" after "tallying the

[complaint's] plausible factual allegations." *Id.* at 89–90.  Though Martinez's estimates could be more specific, there is "sufficient detail" for this Court to make a "reasonable inference that [Martinez] worked more than forty hours." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).  Martinez's FLSA overtime claim therefore survives.

B.  **NYLL Claims**

Defendants argue that Martinez's claim under the NYLL — for unpaid overtime, unpaid non-overtime wages, unlawful wage deductions, and for Defendants' failure to provide required statements about his wages and required notices about his employment — must also fail because the complaint supports these claims with legal conclusions instead of factual allegations.

The Court disagrees, except as to one of Martinez's NYLL claims.  Because the Court concludes that Martinez's FLSA overtime claim survives, his NYLL overtime claim necessarily survives.  *Nam v. Ichiba Inc.*, No. 19 Civ. 1222, 2021 WL 878743, at *6 (E.D.N.Y. Mar. 9, 2021) (noting that "[t]he same [FLSA] standard applies to stating an overtime claim under the NYLL").  For his NYLL claims for unpaid non-overtime wages, Martinez alleges that Defendants "underpaid [him] by about $40.00 an hour" for a variety of work that he did, including work for contracts with ConEdison and union-related work.  (*See* Dkt. No. 1 ¶ 21.) For his NYLL claims for unlawful wage dedications, Martinez approximates that Defendants deducted $100–$150 from his overtime wages each week for about a year of his employment. (*See* Dkt. No. 1 ¶ 20.)  And for his NYLL claim based on Defendants' failure to provide statements with certain information along with his wage payments, Martinez alleges that his statements did not contain required information, such as his rates of pay (*see* Dkt. No. 1 ¶ 25), in violation of NYLL § 195(3).  Each of these are factual allegations, and since the Court must accept them as true, these NYLL claims survive.

7

Martinez's claim that he did not receive certain required notices about his employment under the NYLL, however, does not survive. Martinez alleges only that "neither Defendant provided [him] with the notice(s) required by NYLL § 195(1)." (Dkt. No. 1 ¶ 24.) NYLL § 195(1) requires employers to give each employee, at the time of hiring, a notice with information about several matters, including rates of pay, how the employee will be paid, and when the employee will be paid. *See* NYLL § 195(1). Martinez's claim that he did not receive the required "notice(s)," without any further allegations as to which notices Defendants allegedly did not give him, is simply a "[t]hreadbare recital[] of the elements of a cause of action" that cannot suffice to state a claim. *Iqbal*, 556 U.S. at 678. Martinez's NYLL § 195(1) claim is thus dismissed.

### C.    Triumph Employment

Defendants lastly argue that Martinez falls short of pleading an employer-employee relationship between Triumph and him, requiring dismissal of Triumph from this suit. In *Dejesus*, the Second Circuit explained that the plaintiff there sufficiently pleaded an employer-employee relationship by alleging the following: that she worked for the defendant; the duration of time she worked for the defendant; the method used by the defendant for determining compensation; the nature of the work that she did for the defendant; and that she was "employed by defendant within the meaning of the FLSA." *See Dejesus*, 726 F.3d at 90–91. Martinez makes similar allegations here: that he was employed by Defendants (*see* Dkt. No. 1 ¶ 15); that he worked for Defendants from 2016 to about March 4, 2020, except for a nine-month period that started in 2016 and ended in 2017 (*see id.*); that he was paid hourly, with $45.00 an hour being his last rate of pay before his employment with Defendants ended (*see* Dkt. No. 1 ¶ 17); that he moved debris throughout New York for Defendants (*see* Dkt. No. 1 ¶ 16); and that he was employed by Defendants within the meaning of the FLSA (*see* Dkt. No. 1 ¶ 40). Though

8

Martinez does not reference Triumph specifically in these allegations, he consistently refers to Defendants, which plainly includes Triumph as there are only two defendants in this case. The Court thus holds that Martinez has alleged facts sufficiently supporting the inference that he was an employee of Triumph within the meaning of the FLSA and the NYLL.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED only as to Martinez's NYLL § 195(1) claim and is otherwise DENIED.

Defendants shall file answers to the surviving claims within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motion at Docket Number 9.

SO ORDERED.

Dated: March 22, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge